656 So.2d 256 (1995)
Nicholas James FALABELLA, Appellant,
v.
Marcy WILKINS, Appellee.
No. 94-2476.
District Court of Appeal of Florida, Fifth District.
June 16, 1995.
Patricia M. Myers of Myers and Moring, P.A., Crystal River, for appellant.
Paul M. Hawkes, Crystal River, for appellee.
COBB, Judge.
This case involves a custody dispute between the parties, Falabella and Wilkins, in *257 regard to their daughter, Samantha. The parties were never married. Falabella initially filed this petition for custody in Citrus County in December, 1991. The trial was held on May 18, 1993. The trial judge took the case under advisement, orally pronounced his ruling on July 28, 1994, and ultimately entered a written order granting primary custody to the mother on September 28, 1994  more than sixteen months after trial. We find this type of delay in decision-making in a case involving child custody indefensible and intolerable. If there is any case in which prompt disposition is vital, it is one where custody and the best interest of a child are at issue.
Florida Rule of Judicial Administration 2.050(f) provides:
DUTY TO RULE WITHIN A REASONABLE TIME.
Every judge has a duty to rule upon and announce an order of judgment on every matter submitted to that judge within a reasonable time. Each judge shall maintain a log of cases under advisement and inform the chief judge of the circuit at the end of each calendar month of each case that has been held under advisement for more than sixty (60) days.
In Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992), this court explained that the purpose of Rule 2.050(f) is to allow the trier of fact to recall the testimony and demeanor of the witnesses as well as the dynamics of the trial. In Polizzi, this court granted a new trial because the date of trial and date of entry of the judgment were separated by a long period of time (three months) and because the judgment did not reflect the evidence or the oral pronouncements at trial. In Tunnage v. Bostic, 641 So.2d 499 (Fla. 4th DCA 1994), the Fourth District reversed a final judgment where seven months had elapsed between the non-jury trial and the final judgment.
In Williams College v. Bourne, 625 So.2d 913, 914 (Fla. 5th DCA 1993), a case wherein there was a twenty-one month delay between the evidentiary hearing and the court decision, we reversed for rehearing and stated:
The [trial] court has an obligation to litigants not only to hear their cases but also to finally dispose of those cases within a reasonable time. See Rule 2.085(d)(1)(D) and Rule 2.085(a), Rules of Judicial Administration.
Because of the relatively limited nature of appellate review in domestic cases, based upon the parameters set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), trial court decisions are afforded greater deference than in other types of situations. Correspondingly, trial courts have a responsibility to render their decisions under circumstances which give no doubt but that the matter was seriously and promptly considered. This is particularly true because in many custody cases the trial court's decision in favor of either party will be sustainable. To affirm a custody decision orally announced fourteen months after the evidentiary hearing because there is evidence to support the decision (even though there is abundant contrary evidence) deprives the litigants, and most importantly the child, of any assurance that the child's best interest was thoughtfully considered.
We make no determination in this case as to which parent, if either, should be awarded primary custody of Samantha. Neither has been a model parent. We note that the mother, who has a nomadic lifestyle, has been convicted of cocaine possession and arrested for bad checks and armed robbery. Whether or not these factors were recalled by the trial judge after fourteen months, we have no way of knowing.
REVERSED AND REMANDED FOR NEW TRIAL.
HARRIS, C.J., concurs.
PETERSON, J., concurs in result only, without opinion.