672 So.2d 48 (1996)
Gregory O'Neal McKENZIE, Appellant,
v.
Sandra Ryals McKENZIE, Appellee.
No. 95-739.
District Court of Appeal of Florida, First District.
March 5, 1996.
Rehearing Denied May 13, 1996.
Keith A. McIver of James L. Chase & Associates, P.A., Pensacola, for Appellant.
PER CURIAM.
In this marriage dissolution case, the appellant asserts numerous errors in the support and equitable distribution scheme adopted by the trial court in the final judgment of dissolution. Because we agree with appellant's additional contention that the trial court's delay in entering the final judgment necessitates a new trial, we do not reach the support and distribution issues.
*49 The former wife filed her petition for dissolution in July 1993, and the final hearing was held on January 27, 1994. The trial judge did not enter the final judgment until February 3, 1995, by which time a year had passed since the hearing. Inconsistencies in the final judgment suggest that the trial judge may not have recalled the evidence presented at the hearing.[1]
Florida Rule of Judicial Administration 2.050(f) provides that a judge has a duty to rule upon a matter submitted to him or her "within a reasonable time." A presumptively reasonable time period for the completion of a contested domestic relations case is 180 days from filing to final disposition. Fla.R.Jud.Admin. 2.085(d)(1)(C). The instant case involved a delay in excess of twice what is deemed presumptively reasonable, just in the period between the hearing and final judgment. This requires a new trial. See Falabella v. Wilkins, 656 So.2d 256 (Fla. 5th DCA 1995) (delay of 14 months between hearing and judgment in a custody case required a new trial to insure that the trial judge recalled and considered the evidence presented at trial); Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992) (delay of 3½ months between the hearing and judgment in dissolution case required a new hearing).
Accordingly, the judgment is reversed and the case is remanded for a new final hearing as to all issues except the dissolution of the marital bonds and the custody of the minor children.
REVERSED and REMANDED.
ERVIN, MINER and WEBSTER, JJ., concur.
NOTES
[1] Although the final judgment concluded that an $8,000 down payment on the marital home was a gift from a relative that neither party had to repay, the judgment went on to adopt the former wife's equitable distribution scheme which lists the payment as the wife's liability. Similarly, the former wife is "credited" for a payment made to her attorney, despite that portion of the final judgment making the parties responsible for their own attorney's fees.