674 So.2d 861 (1996)
Kathleen Sarah CASWELL, a/k/a Kathleen Sarah Dunn, Appellant,
v.
Michael Raymond CASWELL, Appellee.
No. 95-03006.
District Court of Appeal of Florida, Second District.
May 24, 1996.
*862 Kathleen Sarah Dunn, Leeds, Alabama, pro se.
Wm. Newt Hudson, Tarpon Springs, for Appellee.
WHATLEY, Judge.
The appellant, Kathleen Sarah Dunn, challenges a final judgment denying her supplemental counterclaim filed against the appellee, Michael Raymond Caswell. Dunn raises several issues on appeal. Because we agree with Dunn's assertion that the sixteen-month delay between the hearing on her petition and the entry of the final judgment requires a new hearing, we do not reach the other issues.
In her supplemental counterclaim, Dunn requested custody of the children, termination of her obligation to pay child support, child support from Caswell, and attorney's fees and costs. The hearing on Dunn's counterclaim was held on February 3, 1994. However, the final judgment was not entered until June 12, 1995.
Courts have consistently held that an excessive delay in the entry of a final judgment requires reversal. In McKenzie v. McKenzie, 672 So.2d 48 (Fla. 1st DCA 1996), the court held that a twelve-month delay between the final hearing and the entry of the final judgment in a marriage dissolution case required a new trial. The McKenzie court noted that inconsistencies in the final judgment indicated that the trial court may not have recalled the evidence presented at the hearing. See Tunnage v. Bostic, 641 So.2d 499 (Fla. 4th DCA 1994) (seven-month delay between the trial and the entry of the final judgment required new trial where the final judgment was confusing and contradictory in its provisions); Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992) (a three-month delay in the entry of the final judgment in a marriage dissolution case mandated a new final hearing where the final judgment differed from some of the oral pronouncements).
Here, Caswell argues that it was partially Dunn's responsibility to attempt to compel the entry of the final judgment. We reject this argument and note that, pursuant to Florida Rule of Judicial Administration 2.050(f), it is the duty of the trial court to rule upon and announce an order or judgment within a reasonable time. We conclude that it remains the trial court's duty to ensure the prompt entry of such judgment in instances where it gives specific directions to one of the attorneys to prepare a judgment after the evidence is in and its decision is made.
The Fifth District addressed a similar issue in Falabella v. Wilkins, 656 So.2d 256 (Fla. 5th DCA 1995). In Falabella, the trial court entered a written order sixteen months after trial in a custody dispute case. The court held,
We find this type of delay in decision-making in a case involving child custody indefensible and intolerable. If there is any case in which prompt disposition is vital, it is one where custody and the best interest of a child are at issue.
....
... To affirm a custody decision orally announced fourteen months after the evidentiary hearing because there is evidence to support the decision (even though there is abundant contrary evidence) deprives the litigants, and most importantly the child, of any assurance that the child's best interest was thoughtfully considered.
656 So.2d at 257.
In the present case, there was a sixteen-month delay in the entry of the final judgment. Further, the final judgment was inconsistent with the oral pronouncement. The final judgment retained jurisdiction to determine attorney's fees and costs. This ruling was not pronounced at the final hearing, and therefore, this provision of the final judgment is materially different from the oral pronouncement. See Frisard v. Frisard, 497 So.2d 885 (Fla. 4th DCA 1986). Consequently, we conclude that the delay in the filing of the final judgment and the discrepancy between the final judgment and the oral pronouncement warrant a new hearing.
*863 Accordingly, the judgment is reversed, and the case is remanded for a new final hearing on Dunn's supplemental counterclaim.
PARKER, A.C.J., and QUINCE, J., concur.