725 So.2d 1201 (1999)
Joan D. McCARTNEY, a/k/a Joan D. Atkinson, Appellant/Cross-Appellee,
v.
John Joseph McCARTNEY, Appellee/Cross Appellant.
No. 98-01120.
District Court of Appeal of Florida, Second District.
January 13, 1999.
Rehearing Denied February 11, 1999.
*1202 Susan J. Silverman, Sarasota, for Appellant/Cross-Appellee.
C. Michael Fischer, Englewood, for Appellee/Cross-Appellant.
WHATLEY, Judge.
Joan D. McCartney appeals and John Joseph McCartney cross-appeals an order on rehearing and amendment to final judgment, together with certain portions of the original final judgment of dissolution of marriage. We affirm in all respects except as to the lump sum alimony award. The wife was originally ordered to pay the husband $50,000 in lump sum alimony. This sum was reduced to $30,000 in the amendment to the final judgment.
The parties were married for only two and one-half years when the husband filed his petition for dissolution of marriage. The trial court equally divided the marital assets, with the husband receiving $62,472 and the wife receiving $60,122. The wife had $302,079 in nonmarital assets, and the husband was found to be without nonmarital assets. The wife was in her late 50s and the husband was age 64 at the time of the contested final hearing. The husband's annual income is between $27,000 and $35,000. The wife's only income is from her investments.
Having reviewed the factors set forth in sections 61.075, Florida Statutes (1993), we conclude there was no basis for an award of lump sum or any other type of alimony. See McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983).
Normally, we would conclude the opinion at this point. However, we are compelled to address an issue raised by the wife. She suggests the lack of timely decisions by the trial court mandate a reversal and retrial of all issues. We decline to do so because a retrial would only cause additional time, delay, and expense for the litigants. We do agree with the wife that the trial court failed to render timely decisions. Specifically, it took eight months for the trial court to issue the final judgment of dissolution of marriage and an additional five and one-half months to decide the issues on rehearing. Such delays are not acceptable. They cause litigants and their counsel needless anxiety and expense. They also undermine confidence in the judicial system.
Judge Harris of our sister court wrote a concurring opinion in Ritter v. Department of Children and Family Services, 700 So.2d 804, 805 (Fla. 5th DCA 1997) (Harris, J., concurring), that should be required reading for all of us in the judiciary. Among other things, he noted, "Parties are entitled to a decision within a reasonable time-a time in which they can expect that the decision was made while the judge could remember the relevant testimony and recall the demeanor of the witnesses." Id. at 805. Judge Harris's words have a timely application in this case as the delay no doubt contributed to the errors in the original final judgment.
Florida Rule of Judicial Administration 2.050(f) addresses the trial judge's duty to rule within a reasonable time. It states:
Duty to Rule within a Reasonable Time. Every judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a reasonable time. Each judge shall maintain a log of cases under advisement and inform the chief judge of the circuit at the end of each calendar month of each case that has been held under advisement for more than 60 days.
*1203 We trust, but the record does not confirm, that the delays in this case were duly reported to the chief judge of the Twentieth Judicial Circuit.
Accordingly, we reverse the award of lump sum alimony to the husband. The final judgment and the amendment to the final judgment are otherwise affirmed.
PARKER, C.J., and SALCINES, J., Concur.