BLUE, Judge.
Marina J. Baker appeals the final order entered in the disputed probate of her father’s estate. We reverse because of the extraordinary delay in the rendition of the trial court’s ruling and because the trial court erred in surcharging Baker for the sale of estate securities. We remand for a new trial on the petition for discharge of the personal representative.
Ms. Baker was one of three children of Marino Vidoli, a retired doctor who died testate in Lee County. Dr. Vidoli’s will provided for specific bequests to his grandchildren and great-grandchildren totaling $116,000. The remainder of his estate was divided between four residuary legatees. Ms. Baker was to receive thirty percent; Joseph Vidoli, a son, was to receive thirty percent; John Vidoli, another son, was to receive twenty-five percent; and Carol Vi-doli, John’s former wife, was left the remaining fifteen percent. Ms. Baker was appointed personal representative of her father’s estate and began the administration. Soon after her appointment she sold most of the securities, which were assets of the estate, pursuant to a general power of sale. The proceeds of the sale of securities were used to make distribution to all the specific legatees.
After beginning the administration, Ms. Baker, for reasons not entirely clear from the record, returned to her home in Ohio and turned over to her brother, Joseph, most of her duties. Unfortunately, Joseph took very little interest in the administration of the estate other than to withdraw from the estate money far in excess of his share. By the time Ms. Baker realized her mistake, John and Carol had retained counsel and sought to surcharge Ms. Baker for numerous problems caused by her *610 failure to fulfill her duties as personal representative.
The order on appeal resulted from the final evidentiary hearing on the petition for discharge and objections to the petition. The trial court properly stated in the final order: “Seldom is a probate court judge presented with a case at this late stage where the Personal Representative of the estate has so completely abdicated her responsibilities to the estate and its beneficiaries.” Ironically, this order was entered more than twenty-two months after the evidentiary hearing. The record contains no explanation for the' lengthy delay between the hearing and the order.
“An excessive delay between a trial and entry of final judgment may require reversal.” Walker v. Walker, 719 So.2d 977, 978 (Fla. 5th DCA 1998) (citing Caswell v. Caswell, 674 So.2d 861 (Fla. 2d DCA 1996)). When reviewing a delayed ruling, “a key factor in such cases is whether or not there is any conflict or inconsistency between the judge’s statements or findings, at the time of the trial and the ultimate judgment entered later, or if there is a factual finding in the final judgment unsupported by the trial evidence.” Florida Air Academy, Inc. v. McKinley, 688 So.2d 359, 360 (Fla. 5th DCA 1997). In the present case, there was a twenty-two-month delay between the final hearing and the final order. Further, there are numerous erroneous calculations as to certain surcharges as well as the erroneous ruling regarding the sale of the estate securities. We conclude that the excessive delay warrants a reversal and remand for a new trial.
An important dispute between the parties involved Ms. Baker’s decision to sell certain securities. She testified that the securities were sold in order to fund specific bequests of the decedent’s will. There is nothing in the record that disputes her testimony on this point. Indeed, the decedent’s last will and testament contains a power-of-sale clause that encompasses the sale of such securities. See also § 733.612, Fla. Stat. (1995). The fact that the securities might have been of more value to the estate had Ms. Baker delayed their sale does not deprive her, as personal representative, of the authority to sell. To require a personal representative to accurately predict the rise and fall of the stock market would constitute an unrealistic burden and could foreseeably result in litigation in nearly every estate in which marketable securities are an estate asset. Further, the sale of these securities occurred during a period of time when it appears Ms. Baker was properly undertaking her responsibilities as personal representative.
Because it was error to surcharge Ms. Baker for the sale of securities, combined with the nearly two-year delay between the evidentiary hearing and the court’s order, we reverse and remand for a new hearing. We are also aware, as a result of information revealed at the oral argument, that there are positive changes in the value of the estate which might impact the new hearing. The first issue raised by Ms. Baker dealing with procedural matters at the trial has been rendered moot by this decision. Because we are reversing, we also vacate the award of attorney’s fees, without prejudice to renew the'claim following the new hearing.
Reversed and remanded for a new hearing.
PATTERSON, C.J., and GREEN, J., Concur.