780 So.2d 172 (2001)
Denise KOWAL, Appellant,
v.
Albert TOMLINSON, Appellee.
Albert Tomlinson, Appellant,
v.
Denise Kowal, Appellee.
Nos. 2D98-1140, 2D99-3140.
District Court of Appeal of Florida, Second District.
January 17, 2001.
Rehearing Denied February 14, 2001.
Arnold D. Levine of Levine, Hirsch, Segall & Brennan, P.A., Tampa, for Denise Kowal.
Daniel Joy of Law Office of Daniel Joy, and Susan J. Silverman, Sarasota, for Albert Tomlinson.
GREEN, Acting Chief Judge.
The wife, Denise Kowal, and the husband, Albert Tomlinson, each present multiple points in these consolidated appeals from three judgments of marital dissolution entered after the principal trial.
We affirm the final judgment and amended final judgments of dissolution of marriage on all points except for an assessed mortgage credit award to the wife and retroactive child support paid to her. On these two points we reverse and remand for further proceedings.
The husband does not dispute that the wife is entitled to one-half of the mortgage reduction on the husband's premarital Shell Road residential property. See Adkins v. Adkins, 650 So.2d 61 (Fla. 3d DCA 1994) (holding that increase in equity *173 in marital home due to mortgage payments from marital account was a marital asset subject to distribution); Cole v. Roberts, 661 So.2d 370 (Fla. 4th DCA 1995) (holding wife was entitled to one-half of amount of marital funds used to reduce mortgage on condominium that was husband's nonmarital asset absent evidence contradicting wife's testimony that mortgage payments were made with marital funds). However, the trial judge's order does not recite the basis for the award to the wife of $68,832, representing the wife's reduction payment. The husband complains that the wife has not presented evidence with respect to the amount of her entitlement and, therefore, the husband has been foreclosed from asserting his contentions.
The trial judge simply observed that there was a principal debt reduction of $137,666 during the forty-four months of marriage, one-half of which the wife was entitled to receive. He did not provide a record reference for his conclusion, and therefore, the matter must be revisited. The parties are entitled to know how this computation was made and to present evidence which they believe may bear upon the result. Whatever award is concluded will not affect the remaining property distribution in this case.
Additionally, the trial judge awarded retroactive child support from December 1, 1996, a date on which the court determined the husband began receiving a discernable income. There is no evidence in the record that the husband was not earning an income for the time period between the filing of the dissolution of marriage petition on March 3, 1994, and the December 1, 1996, date chosen by the trial court. It was error for the trial judge not to award support retroactive to the filing date of wife's petition. See Bardin v. Dept. of Revenue, 720 So.2d 609 (Fla. 1st DCA 1998) (holding trial court abuses discretion with respect to petition for child support by failing to award support from date of petition, where need for support and ability of the father to pay existed at time petition was filed); Beal v. Beal, 666 So.2d 1054 (Fla. 1st DCA 1996) (holding where record showed child's need and husband's ability to pay existed at time of filing of petition for dissolution, trial court should not have denied retroactive child support on ground that wife waived claim to such support); Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992) (holding it is abuse of discretion to fail to award support from date of petition for modification, where need for support and ability of former spouse to pay existed at time modification petition was filed). We note the wife concedes that the husband is entitled to some credit for contributions during the uncovered period.
We therefore direct that an additional hearing be held so that these two deficiencies can be resolved.
Affirmed in part; reversed and remanded for further proceedings in part.
DAVIS, J., and CAMPBELL, MONTEREY (Senior) Judge, concur.