STRINGER, Judge.
The former wife, Mary Ann McDaniel, challenges an order granting the former husband, Robert McDaniel’s, motion to clarify their April 1995 final judgment of dissolution of marriage. The former husband sought clarification of paragraph 12 of the final judgment, specifically concerning which temporary orders were incorporated by reference into the final judgment. The order on clarification dated August 30, 1999, stated that the court intended to incorporate by reference only those temporary orders “regarding the parenting issues and the children” and “did not intend to incorporate, by reference, those temporary orders regarding the financial circumstances and responsibilities of the parties.” Rather than clarifying the final judgment, the order further confused the issue because it was inconsistent with a previous order dated February 26, 1996, wherein the trial court came to the opposite conclusion. The February 1996 order interpreted the final judgment to incorporate by reference all temporary orders, including those dealing with financial matters.
' This confusion was precipitated by the excessive delay between the hearing on the motion to clarify, held in May 1996, and the order granting the motion entered forty months later. Such a delay is per se unreasonable and unacceptable. Florida Rule of Judicial Administration 2.050(f) states:
Duty to Rule within a Reasonable Time. Every judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a • reasonable time. Each judge shall maintain a log of cases under advisement and inform the chief judge of the circuit at the end of each calendar month of each case that has been held under advisement for more than 60 days.
In addition to resulting in inconsistent rulings, we have previously noted that such unreasonable delays cause litigants and their counsel needless anxiety and expense and undermine confidence in the judicial system. See McCartney v. McCartney, 725 So.2d 1201 (Fla. 2d DCA 1999).
Accordingly, we strike the August 1999 order granting the former husband’s motion to clarify and remand for reconsideration in light of the order entered on February 26,1996.
Reversed and remanded for further proceedings.
BLUE, A.C.J., and GREEN, J., concur.