CASANUEVA, Judge.
Donald Wayne Locke (the Husband) contends in this postdissolution case that the trial court erroneously calculated equitable distribution in favor of Denise M. Locke (the Wife). Because the order on review — denying the Husband’s motions for rehearing and to vacate the supplemental final judgment — fails to address his contentions fully, we reverse.
The amended final judgment in this case, which decided the equitable distribution scheme, was entered one full year after the dissolution hearing. The delay was attributable in large measure to the failure of the attorneys to agree on an order.[1] Nevertheless, it was the trial judge’s responsibility to ensure that the supplemental final judgment was entered in a timely fashion. See Fla. R. Jud. Admin. 2.050(f). As our court has previously pointed out, “unreasonable delays cause litigants and their counsel needless anxiety and expense and undermine confidence in the judicial system.” McDaniel v. *972 McDaniel, 780 So.2d 227, 228 (Fla. 2d DCA 2001) (citing McCartney v. McCartney, 725 So.2d 1201 (Fla. 2d DCA 1999)).
In addition to creating anxiety and expense, a delay in the entry of an order can cause inaccuracies to creep into the final judgment, warranting a new hearing. See Caswell v. Caswell, 674 So.2d 861, 862 (Fla. 2d DCA 1996). Here, the Husband appropriately raised in the trial court and on appeal the discrepancy between what the court ordered at the final hearing and what was actually reflected in the final judgment concerning the attribution of value of the parties’ Kemper fund and the liability of each party for various postdissolution obligations concerning the mortgage, household expenses, and taxes. The trial court dismissed the Husband’s contentions on the ground that they involved de minimis amounts, but we find that a difference of several thousand dollars should not have been dismissed without a more precise inquiry.
We regret that the court and the parties will be required to consider again the issues of liability attributable to the Kemper account as well as expenses related to presale upkeep of the marital home. A major factor in the delay stemmed from allowing attorneys to submit proposed final judgments, a practice that this court has cautioned is “fraught with danger, especially where, as here, there is a long delay between the final hearing and the rendition of the final judgment.” Struble v. Struble, 787 So.2d 48, 49 (Fla. 2d DCA 2001). We are confident that on remand this matter will be resolved efficiently and quickly.
Reversed and remanded for rehearing.
BLUE, C.J., and KELLY, J., concur.

. The Wife's appellate attorney did not represent her in the trial court proceedings.