940 So.2d 1275 (2006)
Robert A. McGOLDRICK, Appellant/Cross-Appellee,
v.
E. Diane McGOLDRICK, Appellee/Cross-Appellant.
No. 2D05-5231.
District Court of Appeal of Florida, Second District.
November 8, 2006.
*1276 Lorena L. Kiely, Tampa, for Appellant/Cross-Appellee.
Virginia R. Vetter, Tampa, for Appellee/Cross-Appellant.
VILLANTI, Judge.
In this appeal, Robert A. McGoldrick (the Husband) raises three groundsany one of which he claims requires reversal of the Final Judgment of Dissolution of Marriage: (1) the judgment is inconsistent with the evidence, (2) the equitable distribution award is improvident and unsupported by requisite findings, and (3) the permanent alimony award is excessive. We reverse for a new trial on the first ground, which moots the necessity to address the remaining two grounds, as well as those grounds raised in the cross-appeal by E. Diane McGoldrick (the Wife).
We decline to address the factual history in any great detail[1] in this opinion except to point out that eight months after the final hearing, the trial court issued a Final Judgment of Dissolution of Marriage, which both parties agree contains inconsistent, confusing, and contradictory provisions, including findings unsupported by the evidence. The main disagreement on appeal is each party's suggested solution the Husband contends a new trial is the only practical solution, while the Wife contends this court should remand the matter back to the trial court to revisit selected issues.
In determining whether a delayed ruling warrants reversal and retrial, the critical determinations are: (1) the existence of conflict between the judge's statements or findings at trial and the ultimate judgment entered and (2) the presence of unsupported factual findings in the final judgment. See Locke v. Locke, 832 So.2d 971, 972 (Fla. 2d DCA 2002) ("In addition to creating anxiety and expense, a delay in the entry of an order can cause inaccuracies to creep into the final judgment, warranting a new hearing."); Caswell v. Caswell, 674 So.2d 861 (Fla. 2d DCA 1996) (finding that sixteen-month delay required a new trial where judgment materially differed from oral pronouncement); Donn v. Donn, 733 So.2d 581 (Fla. 4th DCA 1999) (reversing based upon inconsistencies between judgment and evidence presented at trial, together with a ten-month delay found to be excessive); Walker v. Walker, 719 So.2d 977 (Fla. 5th DCA 1998) (holding that more than a nine-month delay warranted new trial where *1277 the delay created improper inconsistencies in judgment and trial court omitted parties' stipulations); McKenzie v. McKenzie, 672 So.2d 48 (Fla. 1st DCA 1996) (holding that twelve-month delay required new trial where inconsistencies in judgment indicated the trial court may not have recalled the evidence); Tunnage v. Bostic, 641 So.2d 499 (Fla. 4th DCA 1994) (finding that seven-month delay required new trial where judgment was confusing and contradictory). There is no bright-line rule setting forth exactly when a delayed ruling becomes excessive and thereby necessitates a new trial. See McCartney v. McCartney, 725 So.2d 1201 (Fla. 2d DCA 1999). Florida Rule of Judicial Administration 2.050(f) provides that "[e]very judge has a duty to rule . . . within a reasonable time" and to "inform the chief judge . . . of each case that has been held under advisement for more than 60 days." As a practical matter, such self-policing judicial policy is difficult for litigants to enforce, and there is nothing in this record regarding trial court adherence. Regardless, the rule does not set forth a remedy for any nonadherence that would be of assistance to the McGoldricks. Under the facts of this case, reversal for a new trial is required by controlling case law.
We are also concerned that if we do not remand for a new trial, the passage of time between the trial and this opinion would likely have produced changed circumstances, causing one or both of the parties to seek modification of whatever partial result we might have affirmed. Additionally, intervening case law may require a different result than the law in effect when the case was tried. For example, the Florida Supreme Court issued its opinion in Zold v. Zold, 911 So.2d 1222 (Fla.2005), which now has a direct impact on how the trial court in this case should evaluate a portion of the evidence on remand.
We have considered the Wife's proposed resolution and find it too cumbersome. The errors in this judgment are so numerous, and the prospect of interrelation of relief is so great that the Husband's assertion that a reversal for a new trial on all issues is the only practical solution. Accordingly, we reverse this case in all regards except for the dissolution of marriage, and we remand for a new trial before a successor judge.
Dissolution of marriage affirmed, reversed in all other regards, and remanded for a new trial before a successor judge.
WHATLEY and DAVIS, JJ., Concur.
NOTES
[1] The parties extensively litigated how their voluminous and varied assets should be treated, valued, and divided.