WOLF, J.
George Marrs, the former husband, appeals from a post-dissolution final order determining entitlement to alimony and *138 the equitable distribution of property. One issue is dispositive. We are constrained to reverse as a result of the unreasonable delay in rendering the order coupled with the trial court’s failure to address at least five specific accounts and investments that were before the court for distribution. See McKenzie v. McKenzie, 672 So.2d 48 (Fla. 1st DCA 1996); Rawson v. UMLIC VP, L.L.C., 933 So.2d 1206 (Fla. 1st DCA 2006) (explaining that an unreasonable delay in entering an order coupled with an order’s factual inaccuracies and erroneous legal conclusions require reversal). The order also fails to follow the dictates of section 61.075(6), Florida Statutes, in determining the cutoff date for determining assets and liabilities to be classified as marital or non-marital.
The former wife asks us to apply either the tipsy coachman doctrine or the harmless error doctrine to the order on appeal. We decline to do so because, due to the lack of specificity in the order, it is impossible to ascertain the trial court’s intent, especially as to the five financial accounts of the parties.
We are sympathetic with the huge workload faced by our trial courts, but the delay in issuing the final order and the lack of specificity within that order requires us to grant a new trial — a disposition which does nothing to alleviate the workload of the trial courts and also requires the parties to expend further scarce resources.
REVERSED and REMANDED.
LEWIS and ROBERTS, JJ., concur.