WARNER, J.
 

 The ex-husband appeals an award of temporary attorney’s fees to the ex-wife in connection with his petition to modify ali
 
 *623
 
 mony. We agree with the trial court that, not only did the wife show that her income was substantially less than that of the husband, the husband’s unnecessary and litigious conduct required that the husband contribute to the wife’s fees.
 
 See Rosen v. Rosen,
 
 696 So.2d 697, 700 (Fla.1997). Competent substantial evidence supported the husband’s ability to pay. We affirm.
 

 In awarding attorney’s fees to the wife, the court included time spent by the wife’s attorney travelling from his office in West Palm Beach to the South County Courthouse in Delray Beach. The husband claims the court erred in allowing travel time, relying on the general principle that travel time of attorneys should not be taxed.
 
 See Chandler v. Chandler,
 
 330 So.2d 190, 191 (Fla. 2d DCA 1976) (“[W]e are faced with the question of whether Travel time is properly included in an award of attorneys’ fees. We think not.”);
 
 see also Statewide Uniform Guidelines for Taxation of Costs in Civil Actions
 
 III.D.l. (stating that travel time of attorneys should not be taxed as costs).
 
 [1]
 
 At the hearing before the magistrate, the husband failed to object to the inclusion of travel time and did not raise the issue until after the issuance of the magistrate’s report when he raised it in his objections. The trial court attributed the excessive number of hearings to the litigious conduct of the husband’s counsel and explained that the husband should bear the brunt of the expenses caused by this conduct. Pursuant to
 
 Rosen,
 
 the trial court did not abuse its discretion in including the additional time expended travelling to hearings caused by the husband’s vexatious litigation.
 

 Finally, the husband objects to the fifteen-month delay from the hearings to the completion of the master’s report, which was adopted by the trial court. “In determining whether a delayed ruling warrants reversal and retrial, the critical determinations are: (1) the existence of conflict between the judge’s statements or findings at trial and the ultimate judgment entered and (2) the presence of unsupported factual findings in the final judgment.”
 
 McGoldrick v. McGoldrick,
 
 940 So.2d 1275, 1276 (Fla. 2d DCA 2006).
 

 The delay in the entire proceedings resulting in this temporary award was unusual. The husband filed his petition in August 2006, and the wife moved for temporary attorney’s fees in February 2007. The general magistrate held an evidentia-ry hearing over three separate days, concluding in November 2007, and did not file her recommended report awarding temporary attorney’s fees until October 2008, some fifteen months from the first hearing on attorney’s fees. Notwithstanding the delay, the findings of fact contained in the magistrate’s report are consistent with the testimony adduced at trial. In fact, the magistrate
 
 painstakingly,
 
 and accurately, described the testimony provided by each and every witness. The minor discrepancies do not affect the substance of the magistrate’s factual findings. The husband cannot satisfy either element listed in
 
 McGoldrick.
 

 We affirm the trial court’s award of temporary attorney’s fees to the wife.
 

 POLEN and TAYLOR, JJ., concur.
 

 [1]
 

 .
 
 In re Amendments to Uniform Guidelines for Taxation of Costs,
 
 915 So.2d 612 (Fla.2005).