**Kimberly DICKSON, Appellant,**

**v.**

**Douglas DICKSON, Appellee.**

**No. 4D15–2804.**

District Court of Appeal of Florida, Fourth District.

Aug. 3, 2016.

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Laurie E. Buchanan, Judge; L.T. Case No. 13000671DRAXMX.

Leanne L. Ohle of Ohle & Ohle, Stuart, for appellant.

No brief filed on behalf of appellee.

CIKLIN, C.J.

The former wife appeals the final judgment of dissolution of marriage, raising three arguments. First, she contends that the trial court erred in awarding bridge-the-gap alimony and finding that permanent alimony was inappropriate. Second, she argues that the trial court erred in not awarding retroactive child support. Third, she challenges the equitable distribution scheme. We find the first two issues have merit and require reversal.

The parties were married in April 1994. In June 2013, the former husband petitioned for dissolution of marriage. In her counterpetition, the former wife requested alimony and child support for the three minor children who were born of the marriage.

The parties proceeded pro se at trial, but they did not testify in traditional narrative fashion with the trial judge instead electing to ask each party questions. The parties' responses revealed the following. The parties have three minor children. The former wife is a full-time student, pursuing a degree as a surgical technician. She has completed one year of a three-year program. The starting pay for a surgical technician is "anywhere between $15 and $16.61" an hour. She has no source of income and her monthly expenses total about $2,520. She will have to repay student loans upon finishing school.

The former husband earns $79,221 a year and averages between $25,000 and $29,000 a year in overtime. His monthly rent and utilities total $500, and his cell phone service costs $110 a month.

The former wife attempted to provide additional information about her financial situation, but the trial court interrupted and the following exchange occurred:

Court: I don't need to know that. You're forty-two years old?

Former Wife: I will be forty-three in two months, yes, ma'am.

Court: So forty-two years old. I'm just going to explain to both of you, this is not a permanent alimony case, it's just not. Rehabilitative you would have had to submit a rehabilitative plan, and you did not do that. For me to be able to do rehabilitative you need to do a rehabilitative plan and it's got to be very detailed. The statutory requirement on that's pretty big or

pretty explicit of what needs to be done. I do see this as a bridge-the-gap alimony case, but that's a two-year—basically it gives you two years to get it together, and it sounds like you're pretty far into that already so that's a very good thing. But I still have to take into consideration a whole bunch of other things, put it that way.

The former wife explained that she needed more than two years, and the following exchange occurred:

Former Wife: I have been home for twenty years raising our kids, supporting him and his career. I never will have the earning ability that he has.

Court: Well, it isn't about equal earning ability.... [I]t is hard when you're representing yourself.

Former Wife: I mean, me being a homemaker and providing care for our children and everything that I've done and—

Court: And that's a basis for child support, absolutely.

Former Wife: Medical needs, our kids all have [Individualized Education Programs], I'm constantly needing to do things at school, I had to homeschool our oldest, he has a hearing loss that he's had a lot of issues with. He has a very demanding job that takes him out of town consistently. There's a lot of—there's a ton of reasons.

Court: Oh no, I'm not saying that there isn't. It's just the statute's what it is and I have to follow it, whether I like it or not.

Former Wife: And we were married for nineteen years.

Court: It's not a permanent alimony case. You're forty-two years old, it's not a rehabilitative alimony case only

because I don't have a rehabilitative plan.

Former Wife: I can't even get a job in McDonald's right now because I haven't had a job in so long.

Court: ... I'm telling you what the statute is.... It's not permanent alimony. You're forty-two years old, so it's definitely not a permanent alimony case.

In the amended final judgment, the trial court made the following findings and conclusions with regard to alimony:

1. The court finds that the Wife has a need for and that the Husband has the present ability to pay, [sic] alimony as follows: The Husband shall pay bridge-the-gap alimony in the amount of $1,640.00 monthly.

2. Reasons for Awarding Alimony. The court has considered all of the following in awarding/denying alimony:

a. The standard of living established during the marriage;

b. The duration of the marriage;

c. The age and the physical and emotional condition of each party;

d. The financial resources of each party, the non-marital and marital assets and liabilities distributed to each;

e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and

f. All sources of income available to either party. Additionally, the court has considered the following factors in reaching its decision:

The Wife was the primary caregiver for the parties' minor children during the marriage. She is 42 years old and is in the process of completing her education

so that she may re-enter the workforce. The Wife did not provide the Court with any rehabilitative alimony plan. However, bridge-the-gap alimony is appropriate. Above the needs for the children, the Wife's needs are $1,640.00 monthly.

The trial court also awarded prospective child support and devised a scheme of equitable distribution of the parties' marital assets and liabilities. The parties did not have any substantial marital assets and the final judgment does not address non-marital assets.

The former wife filed a timely motion for rehearing, arguing that she should have received permanent or durational alimony as well as retroactive child support. The trial court denied the motion without elaboration.

■ "An award of alimony will usually not be reversed on appeal absent an abuse of discretion. However, '[w]here a trial judge fails to apply the correct legal rule ... the action is erroneous as a matter of law.'" *Ondrejack v. Ondrejack*, 839 So.2d 867, 870 (Fla. 4th DCA 2003) (alterations in original) (citations omitted). Section 61.08, Florida Statutes (2013), governs the award of alimony and provides the following in pertinent part:

(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be bridge-the-gap, rehabilitative, durational, or permanent in nature or any combination of these forms of alimony. In any award of alimony, the court may order periodic payments or payments in lump sum or both....

The statute recites factors for the court to consider, including the duration of the marriage, the age of the parties, their financial resources and earning capacities, "educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment." § 61.08(2), Fla. Stat. The statute further provides that "there is a rebuttable presumption that a ... long-term marriage is a marriage having a duration of 17 years or greater," and that the "length of a marriage is the period of time from the date of marriage until the date of filing of an action for dissolution of marriage." § 61.08(4), Fla. Stat. The statute describes the different types of alimony. Pertinent to the issue before us, it provides as follows:

(5) Bridge-the-gap alimony may be awarded to assist a party by providing support to allow the party to make a transition from being married to being single. Bridge-the-gap alimony is designed to assist a party with legitimate identifiable short-term needs, and the length of an award may not exceed 2 years....

....

(8) Permanent alimony may be awarded to provide for the needs and necessities of life as they were established during the marriage of the parties for a party who lacks the financial ability to meet his or her needs and necessities of life following a dissolution of marriage. Permanent alimony may be awarded following a marriage of long duration if such an award is appropriate upon consideration of the factors set forth in subsection (2)....

§ 61.08(5), (8), Fla. Stat.

■ Our courts recognize that with respect to long-term marriages, there is a rebuttable presumption in favor of permanent alimony. *See Motie v. Motie*, 132 So.3d 1210, 1213 (Fla. 5th DCA 2014); *Alcantara v. Alcantara*, 15 So.3d 844, 845–46 (Fla. 3d DCA 2009); *Salazar v. Sala-*

*zar*, 976 So.2d 1155, 1157 (Fla. 4th DCA 2008); *Schlagel v. Schlagel*, 973 So.2d 672, 676 (Fla. 2d DCA 2008). "[N]either age nor a spouse's ability to earn some income alone rebuts the presumption." *Cerra v. Cerra*, 820 So.2d 398, 401 (Fla. 5th DCA 2002). "A spouse's age is not a valid basis to deny permanent alimony absent evidence that the spouse's youth would allow her or him to earn income sufficient to support a life-style consistent with that enjoyed during the marriage." *Id.* (quoting *Young v. Young*, 677 So.2d 1301, 1305 (Fla. 5th DCA 1996)); *see also Zeigler v. Zeigler*, 635 So.2d 50, 54 (Fla. 1st DCA 1994) ("The relative youth of the appellant also does not justify the total denial of permanent alimony unless there is some evidence that the appellant can attain a level of self support reasonably commensurate with the standard of living established during the marriage." (citation omitted)).

As the Fifth District recognized in *Motie*, "[i]n almost every case [involving one spouse who has historically been the homemaker in a long-term marriage and a substantial disparity in income], courts have found that permanent alimony was appropriate." 132 So.3d at 1213 (citing *Fortune v. Fortune*, 61 So.3d 441 (Fla. 2d DCA 2011); *Alcantara*, 15 So.3d 844; *Zeigler*, 635 So.2d 50).

■■■ The parties were married for nineteen years. As such, this marriage is considered a long-term marriage, and the trial court was required to apply the rebuttable presumption in favor of permanent alimony. Although the amended final judgment provides that the trial court considered the statutory factors governing the award of alimony, it is apparent from the hearing transcript that the trial judge did not have the relevant information before it to consider all statutory factors. Additionally, the court's findings were insufficient to overcome the presumption in favor of permanent alimony. On the contrary, the trial court's statements during the hearing indicate that the court believed either that it could not award permanent alimony based solely on the former wife's age or that the former wife's age trumped all the other statutory factors. This, too, was error.

■■■ Further, based on the information before it, the trial court erred in finding that bridge-the-gap alimony was appropriate.

[B]ridge-the-gap alimony serves to assist a spouse already capable of self-support during the transition from being married to being single.... A party is not self-supporting because he or she has the opportunity to enter the job market without some evidence of the ability to earn a salary which would allow the party to live in accordance with the lifestyle established during the marriage.

*Wofford v. Wofford*, 20 So.3d 470, 474 (Fla. 4th DCA 2009) (internal citation and quotations marks omitted). At the time of trial, the former wife was two years away from completing a degree program. The trial court awarded bridge-the-gap alimony for this two-year period. However, no evidence existed that the former wife was self-supporting at the time of trial or that she would become self-supporting upon completion of the program. Additionally, there was no evidence of the parties' standard of living during the marriage.

■■■ We must also find that the trial court erred in not considering an award of retroactive child support. Section 61.30(17), Florida Statutes (2013), provides the following in relevant part:

In an initial determination of child support ... the court has discretion to award child support retroactive to the date when the parents did not reside

together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition.

The statute provides factors that the court must consider in determining retroactive child support, including "[a]ll actual payments made by a parent to the other parent or the child or third parties for the benefit of the child throughout the proposed retroactive period." § 61.30(17)(b).

■ "A trial court abuses its discretion when it fails to award retroactive support from the date of the filing of a petition for dissolution of marriage where there is a need for child support and an ability to pay." *Leventhal v. Leventhal*, 885 So.2d 919, 920 (Fla. 3d DCA 2004); *see also Kowal v. Tomlinson*, 780 So.2d 172, 173 (Fla. 2d DCA 2001).

Based on the foregoing, we reverse and remand for the trial court to apply the rebuttable presumption of permanent alimony. The court may again deny permanent alimony, but it must make the necessary findings—supported by evidence—that would sustain a conclusion that permanent alimony is inappropriate in this long-term marriage. The court must also address the matter of retroactive child support.

*Reversed and remanded for further proceedings.*

GERBER, J., concurs.

WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the majority opinion. I would also point out that, although not argued by appellant, the court also erred in refusing to consider rehabilitative alimony, because the court was of the view that appellant had not produced a detailed plan. The statute requires that, "[i]n order to award rehabilitative alimony, there must be a specific and defined rehabilitative plan which shall be included as a part of any order awarding rehabilitative alimony." § 61.08(6)(b), Fla. Stat. (2015).

An award of rehabilitative alimony should not turn on whether the rehabilitative plan is oral or written. Instead, such an award must be based on whether an adequate and credible rehabilitative plan is presented to the court, assuming that the requesting party also demonstrates his or her need and the other party's ability to pay.

*Layeni v. Layeni*, 843 So.2d 295, 299 (Fla. 5th DCA 2003). In this case, appellant was trying to convey her plan of finishing school to become a surgical technician when the court cut her off. The court should have allowed her to finish. Even with the testimony which was allowed, I think the court could have fashioned a rehabilitative plan, if that was the best option. Appellant testified as to the number of years until she received her degree, her living expenses, and her expected income earning potential when her education is completed. It is the court's obligation under the statute to make the determination and set forth in the final judgment the plan that the court finds is most appropriate to the circumstances of the parties. *See* § 61.08(6)(b), Fla. Stat.