NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHELE L. McKAY,                            )
                                             )
           Appellant,                        )
                                             )
v.                                           )       Case No. 2D15-3891
                                             )
LANCE McELHINEY,                             )
                                             )
           Appellee.                         )
_____)

Opinion filed November 23, 2016.

Appeal from the Circuit Court for Pasco
County; Susan L. Barthle, Judge.

Gary A. Urso, New Port Richey, for
Appellant.

Joshua A. Law of Law Legal Group, P.A.,
Tampa, for Appellee.


SILBERMAN, Judge.

          In these postdissolution proceedings, Michele L. McKay (the Former Wife)

appeals a supplemental final judgment entered over seven months after the final

hearing and contends a new final hearing is required when the trial court did not make

findings or rule on numerous issues submitted at the hearing. Lance McElhiney (the

Former Husband) concedes error. We reverse and remand for a new final hearing.

In 2006, the trial court entered the final judgment of dissolution of marriage which incorporated the parties' marital settlement agreement. The parties have one son who was born in 2002. On July 1, 2011, the Former Husband filed a supplemental petition to modify the parenting plan and child support in part due to the Former Wife's relocation. The Former Wife filed her answer and supplemental counterpetition that also sought to modify the parenting plan and child support. Both parties sought attorney's fees.

On November 21, 2014, the Former Husband filed a voluntary dismissal of his supplemental petition. A final hearing on the Former Wife's supplemental petition was held on November 24, 2014. The Former Wife presented evidence such as expert testimony on the child's needs, school records, and financial documents for the parties. She also submitted a proposed long distance parenting plan.

In April and June 2015, the parties corresponded with the trial court and requested a ruling. The parties noted that they needed to arrange the summer time-sharing. In addition, one of the issues was whether the child would be permitted to attend summer school pursuant to a Massachusetts individualized education plan.

The trial court sent a response on June 16, 2015, and enclosed its handwritten rulings from the court's notes. As a result, a brief supplemental final judgment was entered in accordance with those notes. The supplemental judgment made no findings of fact and failed to address several of the issues. Significantly, the trial court did not provide a parenting plan and only generally stated that the child would spend summers with the Former Husband and did not address summer school or time-sharing during holidays at all. The supplemental judgment does not address the

amount of child support. Rather, the judgment provides that "arrears will be retroactive to the date of filing of the Former Wife's Supplemental Petition" but provides no method to calculate child support or medical expenses at issue. The supplemental judgment does not mention attorney's fees. The Former Wife filed a motion for new trial or rehearing and pointed out the deficiencies in the supplemental judgment. The trial court denied the motion without explanation.

On appeal, the Former Wife argues that the delay in the trial court's ruling, its failure to comply with section 61.13, Florida Statutes (2014), and its failure to address many of the matters at issue require a new final hearing. An excessive delay in the entry of judgment combined with other factors can require reversal for a new trial. See McGoldrick v. McGoldrick, 940 So. 2d 1275, 1276 (Fla. 2d DCA 2006) (determining that an eight-month delay and inconsistencies between the evidence and the final judgment required remand for a new trial); Caswell v. Caswell, 674 So. 2d 861, 862 (Fla. 2d DCA 1996) (determining that a sixteen-month delay and inconsistencies between the oral ruling and the final judgment required a new final hearing). The Former Husband concedes that based on the delay in the trial court's ruling, the lack of findings, and the fact that the trial court did not address most of the matters submitted to it, further proceedings are required.

Based on these circumstances, we reverse the supplemental final judgment and remand for a new final hearing on the Former Wife's supplemental counter petition. See McGoldrick, 940 So. 2d at 1277; Caswell, 674 So. 2d at 863.

Reversed and remanded.

LaROSE and ROTHSTEIN-YOUAKIM, JJ., Concur.