NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ELIZABETH J. JOHNSON,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D16-4890
　　　　　　　　　　　　　　　　　　　　)
MARC D. JOHNSON,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　　　)
_____)

Opinion filed June 8, 2018.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

David A. Maney of Maney Damsker Jones &
Kuhlman, P.A., Tampa, for Appellant.

Marc D. Johnson, pro se, and Daniel A.
Larson and Scott Anderson of Larson
Johnson, P.L., Tampa, for Appellee.


NORTHCUTT, Judge.

　　　　　　　Elizabeth Johnson appeals the amended final judgment dissolving her

marriage to Marc Johnson. She contends that a new trial is necessary because the trial

court failed to issue a ruling in the case for over two and one-half years following the

final hearing. She also argues that under the facts found in the amended final

judgment, she should have been awarded permanent periodic alimony. We agree on both accounts, and we reverse and remand for a new trial.

In McKenzie v. McKenzie, 672 So. 2d 48, 49 (Fla. 1st DCA 1996), a year passed between the final hearing and the entry of the final divorce judgment. The First District noted that two inconsistencies in the judgment suggested that the trial court may not have recalled the evidence presented at the hearing. Id. at 49 n.1. Because of the unreasonable delay, the court reversed the final judgment of dissolution and remanded for a new final hearing. The court observed:

> Florida Rule of Judicial Administration 2.050(f) provides that a judge has a duty to rule upon a matter submitted to him or her "within a reasonable time." A presumptively reasonable time period for the completion of a contested domestic relations case is 180 days from filing to final disposition. Fla. R. Jud. Admin. 2.085(d)(1)(C). The instant case involved a delay in excess of twice what is deemed presumptively reasonable, just in the period between the hearing and final judgment. This requires a new trial.

Id. at 49.

This court cited McKenzie when deciding McGoldrick v. McGoldrick, 940 So. 2d 1275 (Fla. 2d DCA 2006). There, the final judgment of dissolution was issued eight months after the evidentiary hearing. Id. at 1276. In that circumstance, the McGoldrick court held that "[i]n determining whether a delayed ruling warrants reversal and retrial, the critical determinations are: (1) the existence of conflict between the judge's statements or findings at trial and the ultimate judgment entered and (2) the presence of unsupported factual findings in the final judgment." Id. Beyond that, the court stated:

> We are also concerned that if we do not remand for a new trial, the passage of time between the trial and this opinion would likely have produced changed circumstances, causing one or both of the parties to seek modification of whatever partial result we might have affirmed. Additionally, intervening case law may require a different result than the law in effect when the case was tried.

Id. at 1277.

In the present case, the delay between the final hearing and the issuance of the judgment was two and a half times that in McKenzie and almost four times longer than in McGoldrick. As such, this case is akin to McDaniel v. McDaniel, 780 So. 2d 227, 228 (Fla. 2d DCA 2001), in which this court held that a forty-month delay between a hearing on a motion to clarify the dissolution of marriage judgment and the order granting the motion was "per se unreasonable and unacceptable."

Likewise, we conclude that the delay of thirty-three months in this case was unreasonable and unacceptable. This is particularly so when we consider the concern expressed in McGoldrick about the probability that the parties' circumstances would have changed during the lengthy period between the trial and the issuance of the opinion. Here, Ms. Johnson is afflicted with a significant chronic health condition. During the extended delay between the final hearing and the judgment, she twice unsuccessfully sought to reopen the evidentiary portion of the case due to alleged deteriorating health, something that very likely could have had a bearing on her earning ability.

Owing to the inherently unreasonable delay in issuing the judgment, during which the trial court twice declined to take evidence regarding alleged significant changes of circumstance since the final hearing, we cannot conclude that the amended

- 3 -

judgment accurately or fairly addressed the equities of the case or the needs and abilities of the parties. Therefore, we affirm only the dissolution of the parties' marriage. We reverse on all other issues and remand for a new trial before a successor judge. See McGoldrick, 940 So. 2d at 1277.

For purposes of the proceedings on remand, we note that the facts found in the amended judgment did not rebut the presumption that Ms. Johnson is entitled to permanent periodic alimony. See Fortune v. Fortune, 61 So. 3d 441, 446 (Fla. 2d DCA 2011) (holding that a long-term marriage creates a presumption in favor of permanent periodic alimony); see also § 61.08(4), Fla. Stat. (2015) (defining a long-term marriage as having a duration of seventeen years or longer); Dickson v. Dickson, 204 So. 3d 498, 502-03 (Fla. 4th DCA 2016). To the contrary, those findings underscored the necessity of a permanent alimony award: Ms. Johnson spent most of the eighteen-year marriage out of the workforce, serving as a parent and homemaker. She suffers from a "severe case" of a chronic malady that requires her to work in a "sheltered" employment environment; during the divorce proceedings she began working in her brother's insurance agency. Based on evidence presented two and one-half years previously, the court determined that Ms. Johnson has the ability to earn $31,800 per year, and thus she "does not have the capability of being fully self-supporting or living in a lifestyle similar to the marital lifestyle" that was based on her attorney-husband's income of over $19,000 per month.

Yet the court awarded Ms. Johnson only durational alimony and only until she reaches age sixty-two. Florida's alimony statute provides that durational alimony may be awarded "if there is no ongoing need for support on a permanent basis."

- 4 -

§ 61.08(7).  Under the facts found by the trial court—and especially considering its failure to identify <u>any</u> fact suggesting that Ms. Johnson had no ongoing need for support on a permanent basis—its conclusory assertion that durational alimony "is the only fair and reasonable form of alimony" in this case was contrary to law, arbitrary, and an abuse of discretion.  <u>See, e.g.</u>, <u>Taylor v. Taylor</u>, 177 So. 3d 1000, 1004 (Fla. 2d DCA 2015); <u>Dickson</u>, 204 So. 3d at 498.

Dissolution of marriage is affirmed, final judgment reversed in all other respects, and case remanded for a new trial before a successor judge.


CRENSHAW and SALARIO, JJ., Concur.