PER CURIAM.
We affirm the trial court's order granting a new trial.[1] See § 59.04, Fla. Stat. (2018) ("Upon the entry of an order granting a new trial, the party aggrieved may prosecute an appeal to the proper appellate court without waiting for final judgment ." (emphasis added)); see also Marley v. Saunders , 249 So. 2d 30, 32 (Fla. 1971) (holding that party had right of appeal from trial court's order for new trial on issue of liability only, notwithstanding that order was not final judgment). Here, the trial judge acknowledged on the record that there was no justification for his failure to rule on this case for over a year and a half after the parties' submittal of written closing arguments and proposed final judgments. See Johnson v. Johnson , So.3d 183 (Fla. 2d DCA 2018) (holding thirty-three-month delay in ruling unreasonable and unacceptable); McKenzie v. McKenzie , 672 So. 2d 48 (Fla. 1st DCA 1996) (holding one-year delay in ruling unreasonable).
On remand, we direct the case be promptly assigned to a new judge. McGoldrick v. McGoldrick , 940 So. 2d 1275, 1277 (Fla. 2d DCA 2006) (remanding for new trial before successor judge after delayed ruling). We encourage the successor judge to retry this case as soon as the interests of justice permit.
*713 AFFIRMED; REMANDED FOR A NEW TRIAL BEFORE A SUCCESSOR JUDGE.
EVANDER, C.J., ORFINGER and WALLIS, JJ., concur.

Subsequent to the appeal of the trial court's order granting a new trial, we relinquished jurisdiction to the trial court to consider Appellant's motion to bifurcate. The trial court then entered a partial final judgment dissolving the parties' marriage. That order is not the subject of this appeal.