610 So.2d 60 (1992)
Catherine HEILMAN, Appellant,
v.
Larry HEILMAN, Appellee.
No. 91-2780.
District Court of Appeal of Florida, Third District.
December 8, 1992.
Elser, Greene & Hodor and Cynthia L. Greene and Robin Greene, Miami, for Appellant.
Karlan & Gerson and Charlotte E. Karlan, Miami, for Appellee.
Before FERGUSON, COPE and GODERICH, JJ.

ON MOTION FOR REHEARING
FERGUSON, Judge.
After twenty-one years of marriage, during which time she worked principally as a homemaker raising four children, Catherine *61 Heilman left the marital domicile to move in with a woman with whom she had fallen in love. In her petition for dissolution Mrs. Heilman sought alimony, an equitable distribution of property, and attorney's fees.[1] Solely on the basis of marital misconduct, the trial court denied her petition for alimony. For the same reason, apparently, the judgment dissolving the marriage made no equitable distribution of marital assets and required the wife to pay her own attorney's fees. We reverse.
In Noah v. Noah, 491 So.2d 1124 (Fla. 1986), the supreme court reaffirmed its position that the primary standard to be used by a trial court in considering an alimony award is the need of one spouse and the ability of the other spouse to pay. In Noah, the court rejected evidence of adultery as a relevant factor in making such awards unless the adultery caused a depletion of family resources. Id. at 1127. (quoting Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979) ("Alimony is not a weapon to be used solely to punish an errant spouse")). See also Eckroade v. Eckroade, 570 So.2d 1347, 1349 (Fla. 3d DCA 1990) (fact that one party was involved in serious relationship with third party is insufficient reason to deny alimony or to divide the marital assets inequitably); Pardue v. Pardue, 518 So.2d 954, 956 (Fla. 1st DCA 1988) (improper to refuse alimony merely because of evidence of requesting spouse's adultery). Mr. Heilman's argument that the family's emotional devastation at the news of the extra-marital affair was sufficiently financially related to constitute a depletion of marital assets is not persuasive. No evidence was presented that the wife's extra-marital relationship "translated" into a depletion of family resources. Noah, 491 So.2d at 1127.
Absent a showing of a related depletion of marital assets, a party's misconduct is not a valid reason to award a greater share of marital assets to the innocent spouse. Bell v. Bell, 587 So.2d 642 (Fla. 1st DCA 1991); Eckroade, 570 So.2d at 1349. The parties' only substantial assets were the marital home and the husband's vested pension plan which accrued entirely during the marriage. Although the court ordered the marital home to be sold when the youngest children attained majority, and the proceeds equally divided after calculation of the appropriate credits, the final order was silent regarding the pension plan. The trial court should have considered the vested amount which accumulated during the marriage as a marital asset subject to equitable distribution. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); McKinlay v. McKinlay, 523 So.2d 182 (Fla. 1st DCA 1988). Any distribution of marital assets must be based on relevant factors enumerated by statute. See § 61.075, Fla. Stat. (1991).
In light of our holding here that Noah applies, and that there is no evidence that the wife's misconduct had a direct adverse impact on the family's finances, that part of the judgment distributing assets must be revisited. On remand the trial court shall reconsider the entire distribution scheme including the award of alimony, equitable distribution of marital assets, attorney's fees, and child support including cost of psychotherapy for the children. In establishing an award of alimony based on the former wife's needs, the trial court must also consider any support the former wife is receiving from the third party under their live-in arrangement. See DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987); Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983); Evan J. Langbein, Post-Dissolution Cohabitation: "The Best of Both Worlds?", 57 Fla.Bar J. 656 (1983); 27B C.J.S. Divorce § 377, at 230 (1986).
Reversed and remanded for further consistent proceedings.
NOTES
[1] Although child custody was initially a bitterly contested issue, the parties eventually agreed that the children would remain with their father.