733 So.2d 581 (1999)
Michael Ray DONN, Appellant,
v.
Theresa Allison DONN, Appellee.
No. 97-3992.
District Court of Appeal of Florida, Fourth District.
May 26, 1999.
*582 Robert L. Bogen of the Law Offices of Robert L. Bogen, Boca Raton, and Gordon C. Brydger of Gordon C. Brydger, P.A., Fort Lauderdale, for appellant.
No brief filed for appellee.
PER CURIAM.
Appellant, Michael Donn ("Former Husband") appeals his final judgment of dissolution. Because of the excessive delay and inconsistencies between the final hearing and final judgment of dissolution, we reverse.
The final evidentiary hearing in the case was held over three days. Ten months later the final judgment of dissolution was entered, including an award of permanent periodic alimony and an equitable distribution scheme.
On appeal, the Former Husband asserts numerous errors in the equitable distribution scheme and in the amount of alimony awarded. In addition, the Former Husband argues that he is entitled to a rehearing because of the excessive delay between the final hearing and the final judgment of dissolution. Moreover, the Former Husband contends that the numerous discrepancies between the evidence and the terms of the final judgment suggest that the trial judge did not appropriately recall the evidence presented. We agree.
"An excessive delay between a trial and entry of final judgment may require reversal." Walker v. Walker, 719 So.2d 977, 978 (Fla. 5th DCA 1998)(citing Caswell v. Caswell, 674 So.2d 861 (Fla. 2d DCA 1996)). The Florida Rules of Judicial Administration require that "every judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a reasonable time." Fla. R. Jud. Admin. 2.050(f). Yet, there is no bright line rule as to what constitutes a "reasonable time." Tunnage v. Bostic, 641 So.2d 499, 500 (Fla. 4th DCA 1994).
However, when dealing with delayed rulings by a trial judge, "a key factor in such cases is whether or not there is any conflict or inconsistency between the judge's statements or findings at the time of trial and the ultimate judgment entered later, or if there is a factual finding in the final judgment unsupported by the trial evidence." Florida Air Academy v. McKinley, 688 So.2d 359, 360 (Fla. 5th DCA 1997). For example, in McKenzie v. McKenzie, 672 So.2d 48 (Fla. 1st DCA *583 1996), the final judgment entered a year after the final hearing was reversed because "[i]nconsistencies in the final judgment suggest[ed] that the trial judge may not have recalled the evidence presented at the hearing." McKenzie, 672 So.2d at 49.
In the present case, there was a ten month delay between the final hearing and the final judgment of dissolution. Further, there are numerous inconsistencies between the final judgment and the facts as presented in the final hearing. Moreover, the trial judge failed to make pertinent findings of fact regarding the parties' ability to pay and financial need. As such, we conclude that the excessive delay and inconsistencies, coupled with the failure to include specific findings regarding the award of alimony, warrant a reversal and remand for another evidentiary hearing.
On remand, we would like to remind the trial court that prior to an award of permanent periodic alimony it should consider both the financial need and ability to pay of the parties, and specific findings of fact are necessary for meaningful appellate review. See Segall v. Segall, 708 So.2d 983, 987 (Fla. 4th DCA 1998); Moreno v. Moreno, 606 So.2d 1280, 1281 (Fla. 5th DCA 1992). Furthermore, we would encourage the trial court to recalculate the equitable adjustment for the payment of the Former Husband's attorney's fees, as it seems from the record that the Former Husband may have been charged twice for the same amount.
REVERSED AND REMANDED.
GUNTHER, FARMER and TAYLOR, JJ., concur.