PER CURIAM.
Following an evidentiary hearing, Price appeals the denial of his rule 3.850 motion for post-conviction relief. Price was convicted of armed robbery, armed burglary, grand theft, and grand theft of a motor vehicle. This court affirmed the judgment and sentence. After summarily disposing of some post-conviction relief issues, the trial court conducted an evidentiary hearing on three grounds. We reverse as to one of the grounds.
The trial court’s order denying relief was issued seven (7) months after conducting the evidentiary hearing. Although we do not deem the seven-month delay prejudicial, the delay is significant when considering the trial court’s disposition of Price’s sixth claim. The trial court order incorrectly determined that Price abandoned that claim.
In Donn v. Donn, 733 So.2d 581, 582 (Fla. 4th DCA 1999), this court noted that there is “no bright line rule as to what constitutes a ‘reasonable time’ ” for the court to announce an order or judgment. Instead, “a key factor in such cases is whether ... there is any conflict or inconsistency between the judge’s statements or findings at the time of trial and the ulti *918 mate judgment entered later, or if there is a factual finding in the final judgment unsupported by the trial evidence.” Id. (quoting Florida Air Academy v. McKinley, 688 So.2d 359, 360 (Fla. 5th DCA 1997)). Therefore, reversal may be in order when there are “^Inconsistencies in the final judgment [which] suggested] that the trial judge may not have recalled the evidence presented at the hearing.” Id. at 583 (citing McKenzie v. McKenzie, 672 So.2d 48, 49 (Fla. 1st DCA 1996)).
The record shows ground six was not abandoned, but was, in fact, litigated at the evidentiary hearing. In that claim, Price alleged ineffective assistance of counsel as to his attorney’s failure to properly advise him regarding a plea offer.
At the evidentiary hearing, Price testified about his conversations with his attorney, Mr. Unruh, regarding the state’s failure to list two eyewitnesses and failure to conduct any DNA testing. Next, Price called the prosecutor, Mr. Taylor, who testified that there was a guidelines plea offer extended to Price, which was the same offer made to each of three co-defendants.
Price testified that Mr. Unruh spent “no more than five minutes” talking about the plea offer. He continued by stating that Mr. Unruh failed to tell Price that the same offer was extended to each of his co-defendants, which, if accepted, required the person to testify against the others. Further, Price testified that Mr. Unruh also failed to tell Price that the state was processing DNA and that the results would be used at trial. Finally, Price said that Mr. Unruh failed to inform him that, if the state listed the two witnesses, his defense strategy would be severely limited. According to Price, if the attorney had informed him of any of these concerns, he would have accepted the plea offer.
At the evidentiary hearing, Mr. Unruh testified that he conveyed the plea offer to Price, but Price was not interested in any plea.
This testimony all related to ground six. The only possible reference in the record to explain the court’s conclusion, seven months later, that Price abandoned the claim, is that after Price finished testifying, and prior to Mr. Unruh’s testimony, the court asked Price’s attorney “did you have any other ... did you have any other witnesses?” Price’s attorney responded, “[n]ot as to ground six, your Honor.” Clearly, the testimony of both Price and Taylor that had preceded this comment was directed to ground six. The state then called Mr. Unruh to rebut the testimony of Price. It, therefore, appears that ground six was not abandoned by Price.
Therefore, we remand for a new eviden-tiary hearing on Price’s sixth claim. As to all other issues, we affirm.
STONE, WARNER and POLEN, JJ., concur.