932 So.2d 1214 (2006)
Robert R. SWAIN, Appellant/Cross-Appellee,
v.
Elizabeth M. SWAIN, Appellee/Cross-Appellant.
Nos. 1D05-0722, 1D05-3392.
District Court of Appeal of Florida, First District.
July 6, 2006.
*1215 C. Edwin Rude, Jr., Tallahassee, for Appellant/Cross-Appellee.
Ed Horan, Tallahassee, for Appellee/Cross-Appellant.
PER CURIAM.
This is a timely appeal from several post-dissolution of marriage orders pertaining to child support, alimony, and attorney's fees. We affirm the issues raised on appeal without discussion. On cross-appeal, the former wife contends that the trial court erred in imputing income to her based upon the salary of an entry-level accountant because she did not hold an accounting degree. We agree, and reverse and remand for further proceedings consistent herewith.
For the purpose of determining child support and alimony, the trial court may impute income to the former spouse upon a finding that he or she is voluntarily unemployed or underemployed due to the pursuit of his or her own interests, or a less than diligent effort to find employment paying at a level equal to that formerly enjoyed. Andrews v. Andrews, 867 So.2d 476, 478 (Fla. 5th DCA 2004); § 61.30(2)(b), Fla. Stat. (2003). The amount imputed must be based upon the former spouse's recent work history and occupational qualifications, and the prevailing earnings level in the community. Andrews, 867 So.2d at 478; § 61.30(2)(b), Fla. Stat. The imputation of income will be affirmed if supported by competent, substantial evidence. Andrews, 867 So.2d at 479; Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998).
The parties signed a marital settlement agreement (MSA) in 2000, providing for four years of "family support payments" while the former wife pursued her accounting degree in hopes of becoming a certified public accountant (CPA). After signing the MSA, the former wife attended school, but did not complete her accounting degree *1216 before the expiration of the family support period. In addition, she made no effort to seek employment until August of 2004, when she sought employment through Cardinal Services, an employment agency. She later secured a temporary part-time position with her counsel, working 25-30 hours per week at the rate of $7.50 per hour. Ms. Brown, the owner of Cardinal Services, testified that because the former wife had no work experience in the past 20 years and no degree, her opportunities were limited to low-skill/no-skill jobs that paid $7-9 per hour and were predominantly part-time positions. The trial court inquired as to the entry-level salary for a recent accounting graduate with no work experience seeking employment in Tallahassee, and Ms. Brown opined that the annual salary range would be $35,000-40,000. Ms. Brown noted that a CPA could possibly earn $55,000, but an additional year of post-graduate study was required to become a CPA. Thereafter, the trial court imputed gross annual income of $45,000 to the former wife for the purpose of determining child support, alimony, and entitlement to attorney's fees.
There is competent, substantial evidence to support the finding that the former wife is voluntarily underemployed because she did not make an effort to seek employment during the four years she received family support payments and she did not complete her accounting degree as anticipated. The trial court erred, however, in imputing income based upon the salary of an accountant because the former wife did not possess an accounting degree or any other occupational qualifications that would allow her to secure an accounting position. See Hinton, 725 So.2d at 1157. Therefore, we reverse the trial court's imputation of income and remand for an evidentiary hearing to determine the proper amount of income to impute based upon the former wife's current occupational qualifications. See id.; § 61.30(2)(b), Fla. Stat. The trial court should redetermine child support, alimony, and the former wife's entitlement to attorney's fees based upon the newly imputed amount.
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN, DAVIS, and THOMAS, JJ., concur.