PER CURIAM.
 

 The wife argues that the trial court erred because it failed to make written findings of fact regarding the factors set out in section 61.08(2), Florida Statutes (2007), and in reducing her alimony award on the grounds that she was “in a supportive relationship.” Both of these arguments have merit. Section 61.08(2) provides that:
 

 In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including, but not limited to:
 

 (a) The standard of living established during the marriage.
 

 (b) The duration of the marriage.
 

 (c) The age and the physical and emotional condition of each party.
 

 (d) The financial resources of each party, the non-marital and the marital assets and liabilities distributed to each.
 

 (e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
 

 (f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking,
 
 *761
 
 child care, education, and career building of the other party.
 

 (g) All sources of income available to either party.
 

 In order to make an alimony award, the trial court must consider and make findings regarding each of the factors set out in section 61.08(2), Florida Statutes (2007).
 
 See Kemmet v. Kemmet,
 
 885 So.2d 408, 409 (Fla. 1st DCA 2004). In the instant case, although the trial court stated that it considered all of the factors outlined in section 61.08(2), it failed to make any written findings regarding the factors.
 

 An award for alimony may be modified in light of the recipient’s supportive relationship.
 
 See
 
 § 61.14(l)(b)(l)-(2), Florida Statutes (2007);
 
 French v. French,
 
 4 So.3d 5, 7 (Fla. 4th DCA 2009). Section 61.14(l)(b)(l) provides that, upon specific findings that a supportive relationship exists between an obligee and a person with whom the obligee resides, the trial court may reduce or terminate alimony. Section 61.14(l)(b)(2) delineates factors that the trial court “shall give consideration to” when determining whether a supportive relationship exists. The list, however, is not exhaustive. The factors outlined are:
 

 a. The extent to which the obligee and the other person have held themselves out as a married couple by engaging in conduct such as using the same last name, using a common mailing address, referring to each other in terms such as “my husband” or “my wife,” or otherwise conducting themselves in a manner that evidences a permanent supportive relationship.
 

 b. The period of time that the obligee has resided with the other person in a permanent place of abode.
 

 c. The extent to which the obligee and the other person have pooled their assets or income or otherwise exhibited financial interdependence.
 

 d. The extent to which the obligee or the other person has supported the other, in whole or in part.
 

 e. The extent to which the obligee or the other person has performed valuable services for the other.
 

 f. The extent to which the obligee or the other person has performed valuable services for the other’s company or employer.
 

 g. Whether the obligee and the other person have worked together to create or enhance anything of value.
 

 h. Whether the obligee and the other person have jointly contributed to the purchase of any real or personal property.
 

 i. Evidence in support of a claim that the obligee and the other person have an express agreement regarding property sharing or support.
 

 j. Evidence in support of a claim that the obligee and the other person have an implied agreement regarding property sharing or support.
 

 k. Whether the obligee and the other person have provided support to the children of one another, regardless of any legal duty to do so.
 

 A supportive relationship is a relationship that “takes the financial place of a marriage and necessarily decreases the need of the obligee.”
 
 French,
 
 4 So.3d at 6. Section 61.14(l)(b) recognizes the economic support that occurs when independent individuals chose to live together. Such support is equivalent to a marriage and requires a reduction in alimony.
 
 See id.
 
 at 8. Financial support alone, however, does not define a supportive relationship.
 
 See Linstroth v. Dorgan,
 
 2 So.3d 305, 306 (Fla. 4th DCA 2008).
 

 
 *762
 
 In the instant case, the trial court did not make any findings regarding the factors outlined in section 61.14(l)(b). Although the wife admitted that she lived with someone when her children were not visiting her, that they drove to work together almost daily, and that they planned to marry in the future, she also testified that he did not provide her with any financial support. They did not hold themselves out as married and had no joint assets. The parties expressed no intent to pool their assets in the future. The parties did not own or intend to purchase any property jointly and did not have any joint bank accounts. Additionally, they had separate residences.
 

 Here, the evidence suggests that, although the wife is in a relationship which may, in time, rise to the level of a supportive relationship contemplated in section 61.14, it fails to reach that point yet. Her relationship does not appear to be a
 
 “de facto
 
 ” marriage.
 
 See French,
 
 4 So.3d at 6.
 

 All other issues raised on appeal are affirmed.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.