PER CURIAM.
Milissa Schang, the former wife, appeals an order modifying the alimony and child support obligations of Steven Schang, the former husband. The former wife argues that a new evidentiary hearing is required because the trial court’s judgment was affected by an excessive delay between the hearing and the entry of the order. Reversal is warranted because the trial court’s order, entered more than one year after the evidentiary hearing on a petition for modification of child support and alimony, does not reflect full and accurate consideration of the pertinent facts. Accordingly, we reverse and remand for a new trial without reaching the remaining issue on appeal.
When the parties’ marriage was dissolved, the former husband was ordered to pay the former wife $3,300 per month in permanent periodic alimony and $3,172 per month in child support. Thereafter, the former husband filed a petition for modification of child support and alimony based on his voluntary retirement at the age of sixty-six and the fact that three of the parties’ five children had reached the age of majority. By the time of the evidentia-ry hearing on the petition, four of the parties’ children had reached the age of majority. The trial court did not issue an order until more than a year after the evidentiary hearing on the former husband’s petition. In the order, the trial court reduced the former husband’s alimony obligation from.$3,300 per month to $200 per month, and the child support obligation from $3,172 per month to $1,100 per month.
Florida Rule of Judicial Administration 2.215(f) provides that “[ejvery judge has a duty to rule upon and announce an order of judgment on every matter submitted to that judge within a reasonable time.” The purpose of this rule is “to allow the trier of fact to recall the testimony and demeanor of the witnesses as well as the dynamics of the trial.” Falabella v. Wilkins, 656 So.2d 256, 257 (Fla. 5th DCA 1995). In family law cases in particular, “trial courts have a *1170 responsibility to render their decisions under circumstances which give no doubt but that the matter was seriously and promptly considered,” given the high deference appellate courts give trial court decisions in such cases. Id.
Although there is no “bright line rule” as to what constitutes a reasonable time for rendering a judgment, Donn v. Donn, 733 So.2d 581, 582 (Fla. 4th DCA 1999), Florida Rule of Judicial Administration 2.250(a)(1)(C) provides that the presumptively reasonable period for completing a domestic relations case is 180 days. Excessive delay in the entry of an order warrants reversal when the delay is combined with “an indication that something is seriously amiss on the merits.” Ascontec Consulting, Inc. v. Young, 714 So.2d 585, 587 (Fla. 3d DCA 1998). Two key factors in determining whether such circumstances exist are whether there is a conflict or inconsistency between the judge’s statements or findings at trial and the ultimate judgment rendered and whether there is “a factual finding in the final judgment unsupported by the trial evidence.” Donn, 733 So.2d at 582 (quoting Fla. Air Academy, Inc. v. McKinley, 688 So.2d 359, 360 (Fla. 5th DCA 1997)); see, e.g., McKenzie v. McKenzie, 672 So.2d 48, 49 (Fla. 1st DCA 1996) (reversing a final judgment of dissolution of marriage where “[ijnconsistencies in the final judgment suggested] that the trial judge may not have recalled the evidence presented at the hearing,” which occurred a year before the entry of the final judgment). In Donn v. Donn, where alimony was at issue, the court considered the additional factor that “the trial judge failed to make pertinent findings of fact regarding the parties’ ability to pay and financial need.” 733 So.2d at 583. The Donn court concluded that “the excessive delay and inconsistencies, coupled with the failure to include specific findings regarding the award of alimony, warrant[ed] reversal and remand for another evidentiary hearing.” Id.
When determining the amount of alimony to be ordered based on a change of circumstances, the trial court is to consider all of the relevant factors listed in section 61.08(2), Florida Statutes. Wolfe v. Wolfe, 953 So.2d 632, 636 (Fla. 4th DCA 2007); see Overton v. Overton, 34 So.3d 759, 761 (Fla. 1st DCA 2010). However, the primary criteria at issue under such circumstances are the payee spouse’s needs with regard to the standard of living established during the marriage and the payor spouse’s ability to pay. Zeballos v. Zeballos, 951 So.2d 972, 974 (Fla. 4th DCA 2007). In applying these criteria, the trial court “must consider all relevant economic factors, including ‘the financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each,’ and ‘all sources of income available to either party.’ ” See Vriesenga v. Vriesenga, 931 So.2d 213, 217-18 (Fla. 1st DCA 2006) (quoting § 61.08(2)(d), (g), Fla. Stat. (2004)) (brackets omitted). When awarding alimony, a court is to consider not only income, but also the extent and value of the parties’ capital assets. See Howard v. Howard, 118 So.2d 90, 94 (Fla. 1st DCA 1960).
Here, the trial court’s finding concerning the amount of the former husband’s monthly income from Social Security is unsupported by the record. Additionally, the trial court failed to fully discuss the former husband’s substantial, unencumbered capital assets.[1] Further, *1171 the court failed to discuss the former wife’s need for alimony or the sources of income available to her with any specificity. These matters were central to the trial court’s determination of the former husband’s continuing ability or inability to pay alimony. Because the drastic reduction in the former husband’s alimony obligation was accompanied by an inaccurate and incomplete discussion of the factors entering into that decision, we conclude that the trial court’s memory may have been affected by the delay in the entry of the order. Accordingly, we reverse and remand for a new evidentia-ry hearing on the former husband’s petition for modification of child support and alimony.
REVERSED and REMANDED with instructions.
VAN NORTWICK, LEWIS, and CLARK, JJ., concur.

. Although the court mentioned the former husband's unencumbered home, it failed to note the value of the home or mention other valuable assets. The court also failed to discuss any of these assets in the context of determining the former husband's continuing *1171 ability or inability to pay permanent periodic alimony.