BENTON, C.J.
Allan Edward Overton appeals the final judgment that denied his counter petition for modification of alimony. In denying the relief he sought, the trial court found that, although Kathy Lynn Overton, his former wife, cohabited with a third party, with whom she was in a supportive relationship within the meaning of section 61.14(l)(b), Florida Statutes (2010), the supportive relationship did not require or justify a reduction or termination of alimony because her “substantial needs” for economic support persisted. We affirm.
Mr. Overton argues that the trial court erred as ' a matter of law in failing to reduce or terminate the alimony award. In part, he relies on our opinion on Mrs. Overton’s appeal of the original alimony award, Overton v. Overton, 34 So.3d 759 (Fla. 1st DCA 2010) (Overton I), where we cited French v. French, 4 So.3d 5 (Fla. 4th DCA 2009). We said:
A supportive relationship is a relationship that “takes the financial place of a marriage and necessarily decreases the need of the obligee.” French, 4 So.3d at 6. Section 61.14(l)(b) recognizes the economic support that occurs when independent individuals cho[o]se to live together. Such support is equivalent to a marriage and requires a reduction in alimony. See id. at 8.
Overton I, 34 So.3d at 761. In Overton I, however, we had for decision only the question of whether the trial court had properly determined that Mrs. Overton was actually in a supportive relationship. Our citation to French in obiter dicta notwithstanding, we did not reach the question of whether a court must reduce or terminate alimony if it properly determines that a supportive relationship exists.
In fact, we had previously expressly held that, when deciding whether to reduce or terminate alimony under section 61.14(l)(b), the trial court must evaluate the parties’ economic circumstances in each case. See Bagley v. Bagley, 948 So.2d 841, 841 (Fla. 1st DCA 2007) (rejecting the former husband’s argument that “because it was shown that the [former wife] was in a ‘supportive relationship’ the court should not have considered [her] financial need in deciding whether to modify the alimony,” deciding instead that “financial circumstances remain pertinent”). See also Buxton v. Buxton, 963 So.2d 950, 953-56 (Fla. 2d DCA 2007) (holding that “[i]f the trial court concludes that a ‘supportive relationship’ exists, the trial court has the discretion to reduce or terminate the alimony obligation,” and that the economic factors enumerated in section 61.08(2) apply to modification proceedings under section 61.14(1)(b)).
In the present case, the trial court found that Mrs. Overton was in a supportive relationship, but also made detailed and extensive findings that the relationship had no net effect on her need for alimony. Under controlling authority, the *255 trial court acted properly in “considering] [Mrs. Overton’s] financial need.” Bagley, 948 So.2d at 841. The parties’ financial circumstances remain pertinent when a supportive relationship exists. On this point, we agree with the Second District’s opinion in Baumann v. Baumann, 22 So.3d 719, 721 (Fla. 2d DCA 2009). See also Morris v. Morris, 42 So.3d 341 (Fla. 5th DCA 2010) (affirming exercise of discretion in terminating alimony for former spouse in a supportive relationship). We also certify conflict with French. The statute plainly contemplates an exercise of discretion: “The court may reduce or terminate an award of alimony upon specific written findings by the court that since the granting of a divorce and the award of alimony a supportive relationship has existed between the obligee and a person with whom the obligee resides.” § 61.14(1)(b)1., Fla. Stat. (2010) (emphasis supplied).
Affirmed, and conflict certified.
THOMAS and SWANSON, JJ., concur.