PER CURIAM.
The appellant, former husband, challenges a final judgment and supplemental final judgment of dissolution of marriage awarding the former wife permanent periodic alimony in the amount of $30,000 per month. The former husband asserts that the trial court erred by failing to make adequate findings to support the former wife’s need for or the former husband’s ability to pay that amount, and that the trial court erred in its determination of an equitable distribution of assets. With regard to the alimony award, we conclude that the final judgment lacks the findings required by statute and is not supported by competent substantial evidence. We, therefore, reverse and remand to the trial court for further proceedings consistent with this opinion. Based on our determination that remand is necessary, we decline to reach the trial court’s ruling on the equitable distribution of assets, which the *964 trial court may reevaluate based on its findings on remand.

BACKGROUND AND FACTS

The parties met in 1990 while the former husband was in his first year of medical school. At that time the former wife worked in advertising and public relations. After the parties married on February 22, 1991, the former wife continued working to support the family while the former husband completed his medical education, internship, residency, and fellowship in pulmonary medicine. The parties lived and worked in Pennsylvania before relocating to Tallahassee, Florida, in 2005, when the former husband accepted a position with Tallahassee Pulmonary Group.
During the marriage, the parties had four sons. On December 20, 2007, after nearly 17 years of marriage, the former husband filed a petition for dissolution of marriage. At the time of dissolution, the parties’ children ranged in age from 5 years to 12 years. The parties were both 47 years old at the time of dissolution.
On November 3 and 4, 2010, a final hearing was held on the former husband’s petition for dissolution. The parties stipulated to equal parental responsibility, sharing time on a weekly rotating basis, but contested alimony and the distribution of assets. During the hearing, the court heard testimony from both parties, as well as expert witnesses for both parties. Both parties presented the testimony of financial experts.
At the time of the final hearing the former husband earned a gross salary of $220,000 per year from his medical practice. The former husband also receives income from distributions from a $10 million trust inherited from his grandmother. The former wife had not been employed since 1998, when the parties mutually agreed that she would stay at home to care for their young children. Before that, the former wife, who had earned a bachelor’s degree in journalism, worked briefly in the communications field earning approximately $30,000 per year. The former husband presented testimony from a human resources expert who opined that the former wife could obtain employment in the communications field in Tallahassee within six months at an anticipated annual income of $45,000. To support her request for permanent periodic alimony, the former wife submitted an amended financial affidavit claiming that her monthly expenses, excluding children’s expenses, were $17,907 per month.
The trial court awarded the former wife permanent periodic alimony in the amount of $30,000 per month:
With respect to alimony, the Court has considered the factors set forth in Section 61.08(2), Florida Statutes. The Court finds based on the length of the marriage of the parties, ... the affluent lifestyle enjoyed by the parties during the marriage, the financial resources of each party, including both marital and non-marital, the earning capacity of both parties, the contribution of each party to the marriage and all sources of income, that the Wife is entitled to permanent periodic alimony. In addition, in determining the amount of alimony to be awarded to the Wife, the Court considered the tax implications of the alimony award, the child support guidelines and the fact that the Husband has agreed to pay for all of the children’s private school tuition, daycare and extra-curricular activities.
[[Image here]]
With respect to alimony ... the Husband shall pay to the Wife $30,000.00 per month.... *965 The trial court did not provide specific findings of fact to support the former wife’s need for an alimony award of $30,000 per month or the former husband’s ability to pay an award in that amount. The trial court also declined to impute income to the former wife, stating only, “Based on the evidence presented as to the Wife’s employability, the standard of living established during the marriage, and the age of the children, the Court finds it to be in the children’s best interest for the former wife to remain at home.”
The former husband moved for rehearing, challenging the amount of the alimony award, the trial court’s refusal to impute income to the former wife to offset the amount of alimony, and the distribution of one of the parties’ marital assets. The trial court granted the former husband’s motion for rehearing in part, amended the final judgment, and issued a supplemental final judgment modifying some of the findings and conclusions in the final judgment, but ruling that “[ejxcept as modified herein, the Final Judgment remains undisturbed.” The trial court declined to modify the alimony award or to impute income to the former wife:
The Court again declines to impute income to the Former Wife. The Former Husband did not present any competent substantial evidence that the Former Wife is employable at even close to the income she earned during the early years of the parties’ marriage. Even if this Court were to impute a modest income to the Former Wife, any adjustment to the Former Husband’s alimony obligation would be deminimus [sic], especially when considering the tax implications associated with comparing different alimony scenarios.
[[Image here]]
With respect to alimony, the Court has carefully considered the factors set forth in Section 61.082, Florida Statutes. The Court maintains that based upon the length of the marriage of the parties, which is just shy of 17 years, the affluent lifestyle enjoyed by the parties during the marriage, the financial resources of each party, including both marital and non-marital, the earning capacity of both parties, the contribution of each party to the marriage and all sources of income, that the Former Wife is entitled to permanent periodic alimony. The Court believes that the findings in the Final Judgment of Dissolution of Marriage adequately support this decision.
In addition, when determining the amount of alimony to be awarded to the Former Wife, the Court considered the tax implications of the alimony award, the child support guidelines and the fact that the Former Husband has agreed to pay for all of the children’s private school tuition, daycare and extra-curricular activities.
[[Image here]]
In considering all relevant factors, the Court orders the Former Husband to pay $80,000.00 per month in permanent periodic alimony.
On appeal, the former husband does not dispute the former wife’s entitlement to permanent alimony. Instead, the issue presented is whether the trial court’s award of permanent periodic alimony was an abuse of discretion where 1) the final judgment lacks sufficient findings regarding the former wife’s need for $30,000 per month in permanent periodic alimony or the former husband’s ability to pay that amount; 2) the final judgment lacks sufficient findings regarding the court’s determination not to impute income to the former wife; and 3) the record does not provide competent substantial evidence to support the permanent periodic alimony *966 award or the decision of the trial court not to impute income to the former wife.

ANALYSIS

It is well-established in Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla.1980), and its progeny that “[a] trial court has considerable discretion in determining an award of alimony.” Demont v. Demont, 67 So.3d 1096 (Fla. 1st DCA 2011) (quoting Engesser v. Engesser, 42 So.3d 249, 250 (Fla. 5th DCA 2010)). We, therefore, review the trial court’s order for abuse of discretion.

Need and Ability To Pay

In considering an award of alimony under section 61.08(2), Florida Statutes, the trial court must determine whether either party has an actual need for alimony and whether either party has the ability to pay alimony, and then examine “all relevant economic factors, including but not limited to” the nine factors identified in the statute and “any other factor necessary to do equity and justice between the parties.”[1] Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as established during the parties’ marriage; in determining whether to award permanent periodic alimony, the trial court is to weigh the parties’ respective needs and ability to make alimony payments. Zeigler v. Zeigler, 635 So.2d 50, 53 (Fla. 1st DCA 1994) (citing Canakaris); Crowley v. Crowley, 672 So.2d 597, 599 (Fla. 1st DCA 1996).

Former Wife’s Need for $30,000 Per Month in Permanent Periodic Alimony

An award of alimony and the amount of alimony awarded must be supported by findings:
In determining actual income for purposes of awarding alimony, the trial court must set forth factual findings regarding a spouse’s probable and potential level of earnings, the source of actual and imputed income, and any adjustments to income.
Rabbath v. Farid, 4 So.3d 778, 785 (Fla. 1st DCA 2009) (quoting Smith v. Smith, 737 So.2d 641, 643 (Fla. 1st DCA 1999)). A final judgment is legally deficient where it fails to include sufficient findings of fact to support the alimony award in light of the section 61.08(2) factors. See Swanston v. Swanston, 746 So.2d 566 (Fla. 1st DCA 1999). Here, the trial court awarded the former wife permanent periodic alimony in the amount of $30,000 per month with no specific findings of special circumstances to award alimony in excess of the former wife’s claimed need of $17,907 per month. Because it is not apparent from the record where the court found support for the alimony award and because the final judgment lacks sufficient findings to support the award, the alimony award must be reversed and remanded for further proceedings. Id.; see also Walker v. Walker, 85 So.3d 553, 554 (Fla. 1st DCA 2012); McCarty v. McCarty, 710 So.2d 713 (Fla. *967 1st DCA 1998); Dal Ponte v. Dal Ponte, 692 So.2d 283 (Fla. 1st DCA 1997).

Former Husband’s Ability To Pay $30,000.Per Month

As with the trial court’s findings regarding the former wife’s need for the permanent alimony awarded, the final order lacks the requisite statutory findings regarding the former husband’s ability to pay $30,000 per month in permanent periodic alimony. The former husband submitted testimony regarding his marital and nonmarital liabilities; yet, there are no findings addressing how the trial court weighed such evidence in its determination of the former husband’s ability to pay. For this reason, too, the final judgment must be reversed and remanded.

Imputing Income to Former Wife

The decision of whether to impute income is within the sound discretion of the trial court, and that decision will be affirmed where there is no showing of an abuse of discretion and where the decision is supported by competent substantial evidence. See Swain v. Swain, 932 So.2d 1214 (Fla. 1st DCA 2006). For purposes of alimony awards, courts reviewing imputation of income have applied the same factors as those applied to imputing income for child support. Swain, 932 So.2d at 1215; see also, Smith v. Smith, 737 So.2d 641 (Fla. 1st DCA 1999). As long as the statutory factors are properly considered, the trial court has discretion whether or not to impute income. See Rabbath v. Farid, 4 So.3d 778, 782 (Fla. 1st DCA 2009).
A trial court abuses its discretion, however, when it fails to include findings to demonstrate that it properly considered the statutory factors or the evidence in the record. See Swanston v. Swanston, 746 So.2d 566, 567-68 (Fla. 1st DCA 1999). Section 61.08(2) requires the trial court to include findings of fact in regard to “all relevant economic factors,” including “[a]ll sources of income available to either party” and “any other factor necessary to do equity and justice between the parties.” Further, the level of income imputed must be based on “recent work history, occupational qualifications, and prevailing earnings level in the community.” § 61.30(2)(b), Fla. Stat. (2010).
Here, after receiving the testimony and evidence from the former husband’s expert and the testimony of the former wife regarding available jobs and her work history and qualifications, the trial court concluded, without further explanation, that “[biased on the evidence” it was “in the children’s best interest for the Wife to remain at home.” In its supplemental final judgment, the trial court again declined to impute income to the former wife, stating only that “[t]he Former Husband did not present any competent substantial evidence that the Former Wife is employable at even close to the income she earned during the early years of the parties’ marriage.”
The trial court rejected the testimony of the former husband’s expert witness regarding the former wife’s employa-bility, but failed to explain the basis for rejecting the expert- testimony. Where a trial court does not make the required findings, the record must reveal competent substantial evidence supporting the trial court’s decision. See, e.g., Burkley, 911 So.2d at 268. Upon close examination of the record, we find that the trial court’s conclusion that it was in the children’s best interest for the former wife “to remain at home,” lacks record support. The record reflects that following their separation, the parties stipulated to shared parental responsibility on a 50:50 basis, with the children staying with each parent in alternat *968 ing weeks. While the children in this case, who ranged from ages 5 to 12 at the time of the final hearing, each attended school full-time, the former wife’s financial affidavit shows that even in the weeks that she had primary responsibility for the children, she used after-school care for the children four hours per day, five days per week. Given the shared parental responsibility between the parties, the full-time schooling of the children, and the after-school child care assistance afforded to the former wife during the weeks she is responsible for the children, the trial court’s finding that the former wife needed to be home with the children is not supported by competent substantial evidence in the record. Absent any specific findings to support the trial court’s decision and without competent substantial evidence in the record, the trial court’s determination not to impute income to the former wife must be reversed and remanded.
We, therefore, reverse and remand the trial court’s judgment with regard to the amount of alimony and the decision not to impute income. On remand, the court may reevaluate its determinations in regard to other matters raised by the parties as may become necessary based on its findings.
REVERSED AND REMANDED.
THOMAS and ROWE, JJ„ and GLANT, DAVID A., Associate Judge, concur.

. The nine factors identified in 61.08(2) include (a) the standard of living established during the marriage; (b) the duration of the marriage; (c) the age and the physical and emotional condition of each party; (d) the financial resources of each party, the nonmar-ital and the marital assets and liabilities distributed to each; (e) when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment; (f) the contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; (g) the responsibilities each party will have with regard to any minor children of the marriage; (h) tax treatment and consequences to both parties of any alimony award; (i) all sources of income available to either party.