PER CURIAM.
The former husband, Andrew F. Gregory, Jr., appeals from a final order denying his request to terminate his alimony obligation to the former wife, Nancy Ann Gregory. We agree with the former husband that the final order is not founded on competent, substantial evidence supporting *927 the former wife’s continued need for alimony, and reverse.
The final judgment, dissolving the parties’ sixteen-year marriage, was entered in 1988. At that time, the former wife was awarded $650 per month in permanent periodic alimony. Twenty-nine years later, in 2012, the former husband requested that the trial court reduce or terminate the alimony award, alleging, that while he had retired, substantially reducing his income, the former wife’s lifestyle had been significantly enhanced as she had received substantial inheritance funds from the estates of her deceased mother and daughter, and was residing with a cohabitant, enjoying a supportive relationship. As a result, the former husband maintained that the former wife did not have a continued need for alimony. Following an evidentiary hearing, the trial judge found that the former wife was living in a “supportive relationship,” and that she had inherited $30,000 from the daughter’s estate, which she then gifted to her son. Based solely on that inheritance, the trial court reduced the former husband’s alimony obligation to $450 per month.
A review of a trial court’s decision under section 61.14(l)(b), Florida Statutes (2012), is a mixed question of law and fact that requires a mixed standard of review. See Buxton v. Buxton, 963 So.2d 950, 953 (Fla. 2d DCA 2007). The trial court must make factual findings and determine whether those facts establish a “supportive relationship.” This determination requires an interpretation of the statute and an application of the law to the facts. Id. If the trial court concludes that a “supportive relationship” exists, it has the discretion to reduce or terminate the alimony obligation. Id. As a result, we review the trial court’s factual findings to determine whether they are supported by competent, substantial evidence, but the trial court’s interpretation and application of the law should be reviewed de novo. If the court decides that a supportive relationship exists, we review the court’s decision to reduce or terminate alimony for an abuse of discretion. See King v. King, 82 So.3d 1124,1129 (Fla. 2d DCA 2012); Bux-ton, 963 So.2d at 953.
Here, the court properly found the existence of a supportive relationship. At that point, the burden of proof of the continued need for alimony shifted to the former wife. See Baumann v. Baumann, 22 So.3d 719, 720-21 (Fla. 2d DCA 2009). But see French v. French, 4 So.3d 5, 6-7 (Fla. 4th DCA 2009). The former wife failed to satisfy that burden. The record lacks competent substantial evidence that the former wife still needs financial support from the former husband. The evidence clearly established that the former wife supports the cohabitant to a certain extent. The former husband is under no obligation to help support the former wife’s cohabitant. Further, the trial court failed to consider the cohabitant’s valuable, non-economic services to the former wife. Moreover, the trial court did not consider an additional $370,000 that the former wife inherited from her mother. These funds were used in part to enhance the former wife’s lifestyle from that enjoyed during the parties’ marriage, and to purchase a $44,000 recreational vehicle, which was titled jointly with the cohabitant. This, coupled with her ability to make substantial gifts ($30,000 to her son and a half interest in the $44,000 recreational vehicle to the cohabitant), demonstrates that the former wife no longer needs alimony.
For these reasons, we conclude that the final order lacks competent substantial evidence to support the former wife’s continued need for alimony. Therefore, we reverse and remand for the trial court to *928 enter an order terminating the former husband’s alimony obligation.
REVERSED and REMANDED.
ORFINGER, LAWSON and EVANDER, JJ., concur.