PER CURIAM.
The Former Husband appeals the final judgment dissolving his marriage. In part, he challenges the trial court’s ruling delaying imputed income to the Former Wife for six months. As to this issue, we agree with the Former Husband that no competent, substantial evidence exists to support the trial court’s decision. We reverse on this point and affirm without comment the remainder of the final judgment.
The former spouses, both attorneys, were married just over 400 days, and the marriage produced one minor child. As to the Former Wife’s income, while she did not work during the marriage, she worked during the divorce litigation for four months at an annual income of $70,000. The trial court accepted her testimony that she quit this employment because of professional concerns involving her employer, and determined that the termination was reasonable under the circumstances.
By the time of trial, the Former Wife had found part-time legal work as an attorney on a per-case basis, only getting paid when she made appearances in court or mediation. The trial court attributed the delay in her return to full-time employment to the extensive amount of time she devoted to representing herself in her divorce proceeding. In its final written judgment, the court concluded:
Considering the [Former Wife’s] history of employment, her earning potential, and the fact that she will have substantially more time available to work now that this dissolution proceeding is concluded, the Court finds the [Former Wife’s] income is going to increase, and after a period of six months, the Court imputes income to the [Former Wife] in the amount of $60,000.00 annually.
The Former Husband contends that the trial court’s decision to withhold imputed income to the Former Wife for six months is erroneous given the evidence that the Former Wife was voluntarily underemployed.
“In a dissolution of marriage proceeding, each party’s sources of income and ability to pay are factors to be considered in. determining whether alimony, child support, or attorney’s fees are appropriate, and if so, in what amounts.” Smith v. Smith, 737 So.2d 641, 642 (Fla. 1st DCA 1999). Where a parent is underemployed, the court is required to impute income to that parent unless the lack of employment *1232 is the result of the parent’s physical or mental incapacity or other circumstances beyond the parent’s control. § 61.30(2)(b), Fla. Stat. (2011); Hentze v. Denys, 88 So.3d 307, 311 (Fla. 1st DCA 2012). The decision of whether to impute income must be supported by competent, substantial evidence. See Gray v. Gray, 103 So.3d 962, 966 (Fla. 1st DCA 2012).
Here, the record contains no evidence of involuntary únderemployment by the Former Wife for the relevant time period. To the extent that her underemployment was due to her status as a pro se litigant in her own divorce proceeding, there is no evidence that this decision was anything other than a voluntary one on her part, and one that was not due to “physical or mental incapacity or other circumstances” beyond her control. § 61.30(2)(b). Accordingly, we reverse on this point and remand with instructions to impute to the Former Wife income consistent with the guidelines set forth in section 61.30(2)(b), Florida Statutes, and to recalculate the Former Husband’s child support and alimony obligations as necessary.
AFFIRMED in part; REVERSED in part; REMANDED.
ROBERTS, RAY, and MAKAR, JJ., concur.