Paula KEYSER, Appellant,

v.

Curtis S. KEYSER, Appellee.

No. 1D16–0274.

District Court of Appeal of Florida, First District.

Nov. 21, 2016.

Don A. Dennis of Jones Gaglio & Dennis, Panama City, for Appellant.

Carroll L. McCauley, Panama City, for Appellee.

JAY, J.

The Former Wife raises four issues on appeal from a final judgment of dissolution of marriage. After carefully reviewing the record, we conclude that the Former Wife waived her arguments as to Points I and II by failing to properly bring those arguments to the trial court's attention.[1] We affirm Point IV without further discussion. However, as to Point III we conclude that the Former Wife has a meritorious claim regarding the lack of evidence to support the trial court's denial of her petition for alimony.[2] On that point, we conclude that the trial court abused its discretion and reverse.

We begin our analysis by noting that the parties' twenty-year marriage qualifies as a long-term marriage.[3] " '[I]n the context of a long term marriage there is an initial presumption in favor of permanent periodic alimony.' " *Alcantara v. Alcantara*, 15 So.3d 844, 845–46 (Fla. 3d DCA 2009) (quoting *Schlagel v. Schlagel*, 973 So.2d 672, 676 (Fla. 2d DCA 2008)); *see also Motie v. Motie*, 132 So.3d 1210, 1213 (Fla. 5th DCA 2014) ("There is a rebuttable presumption that permanent periodic alimony is appropriate after a long-term marriage."). In the trial court's final judgment, there is no mention of the long-term marriage presumption. Similarly, while the trial court evaluated the factors enumerated in section 61.08(2)(a)-(j), Florida Statutes (2015), there is no reference to the preliminary inquiry mandated by the initial provisions of section 61.08(2). The first sentence of that section provides: "In determining whether to award alimony or maintenance, the court *shall first* make a *specific factual determination* as to

---

1. *See, e.g., LaCoste v. LaCoste*, 58 So.3d 404, 405 (Fla. 1st DCA 2011) (holding that the former wife failed to preserve her asserted error for appellate review since it was clear from the record that the former wife did not argue the point "either at trial or in a motion for rehearing," and emphasizing that "[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved") (internal quotation marks omitted); *Hentze v. Denys*, 88 So.3d 307, 311 (Fla. 1st DCA 2012) (holding that " '[i]f the error is one that first appears in the final order, the aggrieved party must bring it to the judge's attention by filing a motion for rehearing' ") (quoting *Hamilton v.*

R.L. Best Int'l, 996 So.2d 233, 234 (Fla. 2008))).

2. We view Point III as testing the sufficiency of the evidence to support the trial court's decision to deny the Former Wife's claim for alimony. Florida Rule of Civil Procedure 1.530(e) directs that "the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing. . . ."

3. *See* § 61.08(4), Fla. Stat. (2015) ("For purposes of determining alimony, there is a rebuttable presumption that a ... long-term marriage is a marriage having a duration of 17 years or greater.")

whether either party has an *actual need* for alimony or maintenance and whether either party has the *ability to pay* alimony or maintenance." *Id.* (emphasis added.)

We find no error in the trial court's consideration of the Former Wife's allegedly adulterous behavior. Section 61.08(1), Florida Statutes (2015), permits the trial court to consider evidence of the adultery of either spouse in determining a proper award of alimony, and that consideration is dependent upon the circumstances of each particular case. *Lostaglio v. Lostaglio,* 199 So.3d 560, 563 (Fla. 5th DCA 2016) (citing *Williamson v. Williamson,* 367 So.2d 1016, 1019 (Fla.1979)). But, "the law is clear that '[a]bsent a showing of a related depletion of marital assets, a party's adulterous misconduct is not a valid reason to award a greater share of those marital assets to the innocent spouse' *or to deny the adulterous spouse alimony.*" *Id.* (quoting *Childers v. Childers,* 640 So.2d 108, 109–10 (Fla. 4th DCA 1994) (citing *Heilman v. Heilman,* 610 So.2d 60, 61 (Fla. 3d DCA 1992))) (emphasis added). Furthermore, despite evidence of adultery, "[n]eed and ability to pay remain the primary considerations in awarding alimony." *Id.* (citing *Noah v. Noah,* 491 So.2d 1124, 1127 (Fla.1986); *Motie,* 132 So.3d at 1213).

In *Gray v. Gray,* 103 So.3d 962 (Fla. 1st DCA 2012), the trial court awarded the former wife permanent periodic alimony without making factual findings to support the former wife's need for an award of alimony or the former husband's ability to pay a specific alimony amount. In concluding that the trial court abused its discretion based upon the facts before it, we declared:

In considering an award of alimony under section 61.08(2), Florida Statutes, the trial court *must determine whether either party has an actual need for alimony* and whether either party has the

ability to pay alimony, *and then* examine "all relevant economic factors, including but not limited to" the nine [now ten] factors identified in the statute and "any other factor necessary to do equity and justice between the parties."

*Id.* at 966 (emphasis added); *see also Vanzant v. Vanzant,* 82 So.3d 991, 993 (Fla. 1st DCA 2011) (holding that in determining the amount of alimony on remand, the trial court "shall make specific findings as to the former wife's need for alimony and the former husband's ability to pay").

Here, the evidence was undisputed that the Former Husband was earning $81,000 annually, while the Former Wife's income was much lower—$15,000 per year. Although the trial court found that the Former Wife was slightly "underemployed," it failed to impute any income to the Former Wife. Instead, the trial court found that due to the existence of a "supportive relationship," it was "appropriate" to deny the Former Wife's claim for alimony "in any form[.]" We conclude that the trial court's decision in that regard was an abuse of discretion for several reasons: (1) because of the large disparity between the parties' incomes; (2) because of the scant evidence of how much money had been "pooled" in the "supportive relationship"; (3) because of the parties' long-term marriage and the presumption in favor of permanent periodic alimony; and (4) because of the failure to include an analysis of section 61.08(2), which required factual findings of whether the Former Wife had a need for alimony and whether the Former Husband had the ability to pay that alimony—a threshold analysis that must take place *before* the evaluation of the ten factors enumerated in section 61.08(2)(a)-(j). *See Bateh v. Bateh,* 98 So.3d 750, 753 (Fla. 1st DCA 2012) ("*Once the court determines a party has a need for alimony and the other party has [the] ability to pay, the*

court 'shall consider all relevant factors, including, but not limited to: (a) The standard of living established during the marriage.' § 61.08(2), Fla. Stat.") (emphasis added).

Consequently, we reverse the trial court's denial of alimony to the Former Wife. On remand, the trial court shall revisit the Former Wife's claim for rehabilitative and permanent alimony and make the required factual determinations in light of the considerations set forth above.

AFFIRMED, in part; REVERSED, in part; and REMANDED for further proceedings consistent with this opinion.

MAKAR and M.K. THOMAS, JJ., concur.